*Chas. Negus*, for appellant.

*Slagle* and *Acheson*, for appellee.

———o o o———

## LOCKARD & CO., v. EATON.

A petition for attachment, under the Code, should aver one of the following facts : That as plaintiff verily believes the defendant is a foreign corporation, or is acting as such ; or is in some manner about to dispose of his property with intent to defraud his creditors ; or is in some manner about to remove his property out of the state, without leaving sufficient remaining for the payment of his debts, with intent to defraud his creditors ; or has disposed of his property in whole or in part, with intent to defraud his creditors ; or has absconded so that the ordinary process cannot be served upon him.

APPEAL *from Wapello District Court.*

*Opinion by* GREENE, J. This was a proceeding under the Code by attachment. A motion in the court below to quash the attachment was sustained. The petition for attachment is duly sworn to, and avers " as plaintiffs then

verily believed the said defendant is in some manner about to dispose of his property, without leaving sufficient remaining to pay his debts." The court decided that these allegations are not sufficient to justify an attachment, and this decision is claimed to be erroneous.

The Code, § 1848, provides that, "the petition which asks an attachment, must state that as the affiant verily believes the defendant is a foreign corporation, or acting as such; or that he is a non-resident of the state; or that he is in some manner about to dispose of or remove his property out of the state, without leaving sufficient remaining for the payment of his debts; or that he has disposed of his property, in whole or in part, with intent to defraud his creditors; or that he has absconded, so that the ordinary process cannot be served upon him." In the quotation of this section we have slightly changed the punctuation, to meet, as we think, the intention of the legislature.

We agree with the court below that the petition does not contain the necessary averments. We cannot believe that the section referred to, contemplates the oppressive process of attachment, when a party, having more or less property, attempts to sell or remove a portion, in good faith, without intent to delay creditors. If so, a man having only enough, or less than enough property to pay his debts, could not offer to dispose of or remove any portion of it, without subjecting himself to the ruinous effects of an attachment, even if he should attempt the sale or removal for the express purpose of applying the proceeds to the payment of debts.

To our mind it is clear, that this violent process was intended as a remedy against the following classes of debtors only : 1st. Foreign corporations or those acting as such. 2d. Those who are about to dispose of their property with intent to defraud their creditors : 3d. Those who are about to remove their property out of the state without leaving sufficient remaining for the payment of their debts, with intent to defraud their creditors. 4th.

Lockard & Co. *v.* Eaton.

Those who have disposed of their property with intent to defraud their creditors. 5th. Those who have absconded so that the ordinary process cannot be served upon them. Against such debtors only, can an attachment legally issue under § 1848 of the Code.

As this section is far from being free from ambiguity, we will state what we believe the legislature intended the requisites of a petition for attachment to be, as applied to each class of debtors. 1st. It must state, that as plaintiff verily believes, the defendant is a foreign corporation, or is acting as a foreign corporation. 2d. Or as plaintiff verily believes the defendant is in some manner about to dispose of his property, with intent to defraud his creditors. 3d. Or as plaintiff verily believes the defendant is in some manner about to remove his property out of the state, without leaving sufficient remaining for the payment of his debts, with intent to defraud his creditors. 4th. As plaintiff verily believes, the defendant has disposed of his property in whole or in part, with intent to defraud his creditors. 5th. Or as plaintiff verily believes, the defendant has absconded so that ordinary process cannot be served upon him.

As the reasons for this construction of the section will suggest themselves to most minds, we deem it useless to enlarge upon them.

In the present case, it appears that the court below did not err in quashing the attachment.

Judgment affirmed.

*H. B Hendershott, J. C. Hall* and *C. H. Phelps*, for appellants.

*W. H. Brumfield, C. W. Slagle,* and *G. Acheson*, for appellee.