## WILTSE V. STEARNS.

1. ATTACHMENT: NON-RESIDENCE. An allegation "that a defendant is not an inhabitant of this State" is equivalent to an allegation that the defendant is a *non-resident* of the State; and under the Code of 1851, was sufficient cause for the issuing of a writ of attachment.

*Appeal from Webster District Court.*

THURSDAY, JUNE 5.

ACTION ON ACCOUNT. The facts necessary to an understanding of the question determined, appear in the opinion of the court.

*J. Skinner* for the appellant.

No appearance for the appellee.

LOWE, J.—This suit was commenced in the year 1857, by attachment, and judgment rendered for plaintiff.

The grounds laid for the attachment in the petition, are: 1. That the defendant is not now an inhabitant of this state. 2. That he is about to remove his property out of the state, without leaving sufficient for the payment of his debts.

A motion to quash the attachment, based upon the insufficiency of these causes, was overruled, and the defendant appealed, still insisting that said motion was well made. Heretofore it has been held by this court, that the latter of these two causes was not a sufficient compliance with the Code of 1851, under which said attachment was sued out. Nevertheless, if the first cause is good, the motion was properly overruled. The Code makes the sworn statement that the defendant is a non-resident, a ground of attachment; the cause set out by the plaintiff in this case is that he is not now an inhabitant. These expressions would seem necessarily to imply substantially the same thing. Drake on

Attachment, § 81, says "a resident and an inhabitant mean the same thing." A person resident is defined to be one "dwelling or having his abode in any place;" an inhabitant, "one that resides in a place." And he refers to 20 John. R., 208; 4 Wend., 602; 8 Wend., 134; 2 Kent, 431, note.

Affirmed.