## Mingus v. McLeod.

Attachment: INSUFFICIENCY OF CAUSE. An allegation in a petition for attachment that "said defendant is in some manner about to dispose of his property without leaving sufficient remaining for the payment of his debts," is insufficient to authorize the writ, under the third clause of section 3174 of the Revision. The removal or disposition *beyond the State,* mentioned in said clause, must be stated.

*Appeal from Wapello District Court.*

THURSDAY, JULY 23.

DEFENDANT appeals from an order overruling his motion to "dissolve an attachment."

*Stiles, Hutchinson & Dixon* for the appellants.

*Hendershott & Burton* and *Perry & Townsend* for the appellee.

WRIGHT, J.— The objection goes to the sufficiency of the cause for the writ, contained in plaintiff's petition, ATTACHMENT: insufficiency of cause. which is "that said defendant is in some manner about to dispose of his property without leaving sufficient remaining for the payment of his debts." And we are to determine whether this is sufficient under

the third clause of section 3174 of the Revision, which requires the affiant to state "that he (defendant) is in some manner about to dispose of or remove his property out of the State, without leaving sufficient remaining for the payment of his debts." For the present it is sufficient to hold that this affidavit does not comply with the statute, without undertaking to decide any and every possible case which might or might not come up to its requirements. Some of the reasons for this conclusion may be stated.

The corresponding section of the Code of 1851 (1848), did not divide and state in numerical order, as does the one in the Revision (3174), the several causes for an attachment. Its exact meaning was difficult of ascertainment alike to the profession and the bench. Of this the cases of *Lockard* v. *Eaton*, 3 Greene, 543 ; *Danforth* v. *Carter*, 1 Iowa, 552 ; and *Bowen* v. *Gilkison*, 7 id. 503, furnish abundant evidence. The first case (decided in 1852), ruled that the alleged contemplated disposition must be accompanied with the intent to defraud, a ruling which we feel justified in saying was never approved by a majority of the profession. It was afterward (in 1859) followed, because it had been acted upon for several years, and because to change would be fraught with greater evils than to abide by what was believed to be an erroneous construction of the statute. 7 Iowa, *supra*.

Thus the matter stood until the adoption of the Revision, when it would seem that the legislature, as if aware of the obscurity of the old law, enacted the section under consideration, stating, dividing and numbering the causes for an attachment, from one to seven inclusive. As thus divided, it will be seen, that, by the third clause, an intention to defraud in the alleged contemplated disposition is not necessary. The cardinal element of the act on the part of the defendant, which, by this clause gives the

attachment, is the removal of the property beyond the reach of the process of our courts, without leaving sufficient remaining for the payment of debts. Such an act the law regards as so prejudicial to the rights of the creditor as to entitle him to an attachment. There may, in such cases, be no actual fraud, and yet the act partakes of legal fraud to such an extent that it was esteemed good ground for the writ.

If we adopt plaintiff's theory, the *disposition* of property, without leaving sufficient remaining for the payment of debts, whatever the motive, would subject the debtor to attachment. And yet we are not mistaken in saying that in this State—and the same is true in most of the Western States at least—the writ has never been allowed unless the defendant was either beyond the reach of process or about to abscond, or had disposed of or was about to dispose of his property under such circumstances as amounted to actual or constructive fraud. We have never supposed that the legislature intended to give the writ where the party having more or less property (it may be just enough to pay his debts), attempts to dispose of it, when, perhaps, the very object is to apply the proceeds to the payment of debts. If, on the contrary, the debtor is about to remove his property beyond the State, without leaving sufficient, etc., it is but reasonable that this should be treated, for the purposes of the statute, as contemplated fraud. For, by such an act, the creditor may be left without remedy—at least in the courts of this State—and be driven to follow the proceeds of the property into another jurisdiction.

Once more, we remark, that an examination of the structure of the sentence under consideration, will tend to sustain the conclusion stated. There is no comma, or other punctuation mark, between the words "dispose of" and "remove;" and yet, with this, the intention to give

*two* distinct grounds for an attachment in this clause, would have been much more reasonable. With a full knowledge of the place which punctuation, or the want of it, fills in the construction of a statute, we nevertheless say that we have seldom known a case where it could be of more assistance in arriving at the meaning of the legislature.

There is nothing in the prior decisions of this court in conflict with the views above expressed. As already suggested, the cases in 3 Greene, 543, 1 Iowa, 552, 7 id. 503, were under the Code of 1851; and the same is true of *Wiltse* v. *Stearns* (13 Iowa, 282), *Drake* v. *Hager* (10 id. 556). They but follow the prior construction given to that statute. The case of *The State Bank* v. *White* (12 Iowa, 141), was under the Revision, and there it was distinctly held that it was the intention of the legislature to make the causes as in said section (3174) are stated in numerical order, distinct and independent of any other cause. This was followed in *Sherrill* v. *Fay* (14 Iowa, 292). It is proper to state that in the last case, the objection was that the petition did not allege an intention to defraud, and there was no point made as to any other defect.

We confess, in conclusion, that the language chosen by the legislature is not the most happy, nor is it entirely clear what was intended by the word " dispose," in the connection in which it is used.

We believe, however, that it is more consistent with the reason and policy of the law to hold that this clause only intended to give *one* cause for an attachment, than to say that it states *two*, one of them having as its basis an act which might be entirely innocent on the part of the defendant, and which neither constructively or otherwise, could be the fruit of a fraudulent or injurious purpose. It is not held that the very language of the statute must

be followed, but that the petition must contain the element of disposition or removal beyond the State, without leaving, etc., in order to justify the writ. The petition in this cause fails to comply with the statute, as thus construed, and the order overruling the motion to dissolve is, therefore,

Reversed.