*R. P. & J. B. Eldredge*, for defendant.

———◆———

## Leonard Grover and others v. William L. Buck.

*Attachment: Affidavit: Amount due.* An affidavit for a writ of attachment, which states positively the amount due over and above all legal set-offs, is not objectionable for want of the qualifying words "as near as may be;" the affiant states the sum as near as may be when he states it exactly.

*Attachment: Appraisers: Members of defendant's family.* It is not open to one whose goods have been taken upon an attachment, to object, when the attachment proceedings come collaterally in question, that the appraisers were members of his own family and consequently not disinterested, not freeholders, and were not sworn, where, though personally served and not shown to have been ignorant of the facts, he made no such objection in the attachment suit, the return averring that the appraisers were disinterested freeholders, and duly sworn; the statutory requirement of disinterested freeholders as appraisers is for his protection, and it cannot be presumed members of his family have an interest adverse to his.

*Attachment: Levy: Endorsement: Appraisal.* The fact that no levy is endorsed on an attachment is immaterial where the sheriff's return upon the writ recites a levy and is accompanied by the appraisal.

*Trover: Growing crop: Attachment levy: Measure of damages: Evidence.* In an action by the sheriff against parties who have converted to their own use a growing crop upon which he had levied an attachment, the judgment in the attachment suit, though rendered after the conversion, is admissible in evidence to show the amount of the plaintiff's lien.

GROVER v. BUCK.

*Attachment: Growing crops: Constructive possession: Bond.* In case of an attachment of a growing crop, constructive possession is all that is required or contemplated by the statute; and the provision for a bond is applicable and appropriate as a protection against removal when in its ripened condition the crop shall have become fit for removal.

*Statute of frauds: Interest in lands: Correct ruling: Immaterial remarks.* A parol arrangement, whereby a man who had deeded land to his wife, reserving to himself by written contract the right of possession and to repurchase within five years, bargains to give up his right under such contract, is void under the statute of frauds; and a ruling to that effect is not made erroneous by the judge's adding incidentally that "if the arrangement amounted to any thing, it would make the wife tenant of the husband, which was impossible," such further remark being immaterial.

*Heard June 20.      Decided October 13.*

Error to Calhoun Circuit.

*Brown & Patterson*, for plaintiffs in error.

*T. G. Pray*, for defendant in error.

COOLEY, CH. J:

The action in the court below was brought by Buck, who was sheriff of the county of Calhoun, against parties who had taken away and harvested certain wheat which he had attached as a growing crop, by virtue of an attachment against Powell Grover and others.

1. The defendants below insisted that the attachment was invalid because the affidavit annexed to it did not comply with the statute. The statute (*Comp. L.,* § *6398*) requires the affidavit to state "that the defendant therein is indebted to the plaintiff, and specifying the amount of such indebtedness, as near as may be, over and above all legal set-offs." The affidavit in this case stated that the defendants "are indebted to said plaintiff in the sum of six thousand and fifty dollars over and above all legal set-offs." We see no reason to doubt its sufficiency. It is a positive assertion that a sum certain is due; and when that can be stated, the qualifying words "as near as may be" are wholly unnecessary. The affiant states the sum as near as may be when he states it exactly.

2. A second objection to the attachment proceedings was, that the appraisers called in by the officer to appraise the property were sons of Powell Grover, and consequently not disinterested. It was also shown that they were not freeholders and were not sworn. The statute requires that the appraisal shall be by disinterested freeholders and under oath.—*Comp. L.,* § *6403.* Whether a failure to comply with it would render the proceedings void under any circumstances we need not inquire, as we are satisfied that under the facts disclosed here the objection could not avail. The statutory provision has the interest of the defendant in the attachment particularly in view, and it requires disinterested freeholders for his protection. If members of his family are called upon to act as appraisers, it cannot be presumed that they have an interest adverse to his, and when the proceedings are attacked collaterally there ought at least to be some showing that the defendants, if personally served, as was the case here, had objected to the want of qualification in the appraisers, or were ignorant of the facts. Nothing of the kind appears in this case, and the sheriff's return, which states that the appraisers were disinterested freeholders, and duly sworn, was not disputed or assailed in any manner in the attachment suit.

3. Another objection was, that no levy was endorsed on the attachment. But the sheriff's return upon the writ recited a levy, and was accompanied by the appraisal, and that was sufficient.

4. To show the amount of his lien the sheriff was allowed to prove the judgment in the attachment suit, though it was rendered after the alleged conversion of the property by these defendants. There was no error in this; it was the only way in which the amount for which the sheriff had a lien on the property could be determined.

5. It is claimed that the attachment of the wheat was invalid, because the officer failed to take possession. This objection to the proceedings is made under *Comp. L.,* § *6409,* which provides that the property attached shall

34 MICH.—66.

remain in the hands of the officer serving the attachment, unless the defendant or other person in whose possession it may have been found shall give bond, etc. But all the possession the statute can intend must be such as the nature of the property renders it susceptible of; and in the case of a growing crop, it could be constructive possession only. The circuit judge so held, and we do not see how he could have done otherwise. It is supposed by counsel that the provision for a bond would be idle under such circumstances; and so it would be if the crop were not all the while approaching a time when in its ripened condition it may be removed; and against such removal the bond would be as important in this case as in any other.

6. Several objections were taken to the judge's charge, and to his refusal to give certain instructions which were requested by the defendants. In the main the instructions requested seem to be covered by the charge as given, and we are not satisfied that any error was committed in refusing the others. One instruction was particularly complained of, namely: that a wife cannot be tenant of her husband. This must be considered in connection with the facts in evidence, which were that Powell Grover had deeded the land on which the wheat was raised to his wife, reserving to himself by written contract the right of possession and the right to re-purchase within five years; that afterwards he made a verbal arrangement with his wife, whereby he gave up his rights under the contract in consideration of her agreeing to pay certain debts. The circuit judge held this arrangement void under the statute of frauds; but incidentally remarked that "if it amounted to any thing it would make the wife tenant of the husband, which was impossible." As he was correct in holding the arrangement invalid, because not evidenced by writing, the further remark was immaterial.

We find no error in the judgment, and it must be affirmed, with costs.

The other Justices concurred.