WARDER, MITCHELL & Co. v. THRILKELD.

1. **Attachment:** REMOVAL FROM STATE: STATUTE. The statute authorizing an attachment on the ground that the defendant is about to remove his property out of the State, without leaving sufficient to pay his debts, contemplates a permanent removal and not a temporary use of property by the owner out of the State.

*Appeal from Jasper Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION AT LAW. An attachment was issued; the petition, as cause therefor, alleging that the defendant is about to remove his property out of the State without leaving sufficient remaining for the payment of his debts. The answer alleges that the property, a team of horses, wagon and harness, is exempt from seizure for the reason that defendant, as a farmer,

habitually earned his living by the use thereof; it also alleges plaintiff had no reasonable or probable cause to believe the matters alleged as the ground of the attachment, and they were in fact not true. Defendant claims to recover damages for the wrongful issuing of the attachment. There was a verdict, and judgment for plaintiff. Defendant appeals.

*A. K. Campbell* and *H. S. Winslow*, for appellant.

*Smith & Wilson*, for appellee.

BECK, CH. J.—I. Upon the trial of the cause the defendant introduced evidence tending to show that the property attached was his only team, with which he, as a farmer, habitually earned his living; that he was the head of a family, and that the removal of his property, which was the ground of attachment, was but temporary, the team and wagon being used to enable him to make a journey from which he expected to return to his family in four or five months.

The court instructed the jury that if the defendant was about to remove his property out of the State without leaving sufficient remaining for the payment of his debts the attachment was not wrongfully issued, and refused instructions asked by defendant to the effect that a temporary removal by defendant of the property attached out of the State without leaving sufficient for the payment of his debts, for the purpose of conveying him upon his journey, with the intention on his part of returning to his home in the State in a few months, constituted no legal ground for issuing the attachment.

II. The question is thus presented whether a temporary removal of property out of the State as contemplated by the instruction refused, and as the evidence tended to show was done by defendant, justified the issuing of the attachment.

1. ATTACHMENT: removal from state: statute.

The statute provides that an attachment may issue when the petition shows that the defendant "is about to remove his property out of the State without leaving sufficient remaining for the payment of his debts." Code, Sec. 2951, p. 3. We

Warder, Mitchell & Co. v. Thrilkeld.

are to determine the true construction of this provision. It depends upon the meaning of the word *"remove."* The word is defined as follows, " to cause to change place; to move away from the position occupied; to displace." To remove property, then, is to change its place. This expression must be understood so that it will harmonize with legal language and legal principles. In the theory of the law while chattels are considered as following the person of their owner they still have a place, *situs*, for purposes connected with the preservation of the rights of the owner and for subjecting them to the operations of the law and to burdens imposed thereby. The *situs* of personal property when temporarily used away from the place of the residence of the owner, for purposes of taxation and for some other purposes, is his domicile. The law contemplates that personal property when used by the owner temporarily away from his home, and brought back on his return, has not changed its *situs.* We think the statute under consideration, therefore, contemplates a permanent removal and not a temporary use of the property by the owner out of the State.

This conclusion certainly accords with justice and good policy. It would be a gross hardship to subject the owner of a hack, who has no other property, to attachment on the ground that in the prosecution of his business he is about to drive it temporarily out of the State. Other cases of equal hardship could be stated. We know of no decision in conflict with our conclusion. *Mingus v. McLeod,* 25 Iowa, 452, cited by plaintiff's counsel, holds that the act of removal of property, *not temporary removal*, partakes of the character of a legal fraud and will authorize the issuing of an attachment. We reach the conclusion that the court below erred in its rulings upon the instructions.

III. The defendant insists that, as he was the head of a family and by the use of the property he habitually earned his living, it is exempt from seizure upon attachment. But no such question is raised by the assignment of errors, which only assails the rulings upon the instructions. The question was not passed upon in these rulings, as no instruction was given

or refused upon the subject of the exemption of the property from attachment.

For the error above pointed out the judgment of the Circuit Court is

REVERSED.