WHARTON *et al.*

*v.*

CAMPBELL *et al.*

(*Supreme Court of Appeals of Virginia, Sept. 14, 1899.*)

[34 S. E. Rep. 47.]

**Sale of Undivided Interest—Sacrifice—Burden of Proof.**

Persons who have mortgaged their undivided five-sixths interest in land, if entitled to have partition before the sale under the mortgage, on the ground that a sale subject to the other one-sixth interest would result in sacrifice of the property, have the burden of proving that such would be the result of a sale without partition, as it is not the universal result.

Appeal from circuit court, Bedford county.

Suit by one Campbell, trustee, and others, against one Wharton and others. Decree for complainants. Defendants appeal. Affirmed.

*S. Griffin,* for appellants.

*Blackford, Horsley & Blackford,* for appellees.

RIELY, J., delivered the opinion of the court.

The first assignment of error is that the court should not have decreed a sale of the undivided interests of the appellants in the tract of land in the bill mentioned, which interests were jointly conveyed by them by deed of trust to secure certain debts until proper accounts had been taken, and the share of

the personal estate of the other legatee and devisee, Francis W. Meade, had been made good to her out of the land ; it being alleged in the bill that the executor had distributed the personal estate to the other legatees, and not paid to her the share thereof to which she was entitled.    This identical issue was made between the same parties in a suit brought by her expressly for that purpose, and has just been determined in that suit adversely to the contention made by her and the other legatees and devisees.    A simple reference to what was there said must suffice for the disposition of this assignment of error.

The only other assignment of error is that the appellants were entitled to have partition made of the said land, and their undivided five-sixths interest ascertained and laid off to them, before a sale was made under the deed of trust, upon the sole ground that, if the land was sold subject to the undivided one-sixth interest of Mrs. Meade, it would result in a sacrifice of the property.    This simple allegation is all that the bill charges on this subject.    No reason is given, nor any fact or circumstance stated, in support of the allegation.    Nor was there any proof of it at the hearing.    No deposition was taken, nor other evidence adduced, for that purpose.    The assignment of error therefore rests solely upon the simple allegation of the bill that a sale of the land subject to the undivided interest of Mrs. Meade would result in a sacrifice of the property.

It cannot be affirmed as a fact or as a conclusion of law that a sale of land subject to an undivided interest will in every case result in its sacrifice.    No absolute or inflexible rule can be laid down on the subject.    Whether the sale of a tract of land subject to an undivided interest will injuriously affect the price depends upon circumstances.    It may or may not do so in the particular case.    If it will, this should be shown by him who avers it.    Conceding that the complainants, although they jointly conveyed their undivided interest in the land to secure the debts, had the right to require partition of the land before a sale was made, if a sale subject to the undivided interest of Mrs. Meade

would result in the sacrifice of the property the burden was nevertheless upon them to prove that this would be the result. This, however, they did not do. The answer of the trustee and also of the beneficiary under the deed of trust do not, it is true, respond to this particular allegation of the bill, but that does not dispense with proof of it. Mineral Co. v. Harrison, 91 Va. 122, 21 S. E. 660.

We perceive no error in the decree appealed from, and it must be affirmed.