## Cox *v.* Roberts.

[No. 3,157.   Filed June 29, 1900.]

FRAUDS, STATUTE OF.—*Sheriff's Certificates.—Contracts of Sale.*—A sheriff's certificate of sale of real estate represents an interest in the land, and a contract to sell or transfer such certificate is within the statute of frauds, and, to be enforceable, must be in writing.

From the Whitley Circuit Court.   *Reversed.*

*A. A. Adams,* for appellant.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellee.

HENLEY, J.—It is assigned as error that the lower court erred in overruling the demurrer to the complaint.

The complaint is in one paragraph, and is as follows: "Plaintiff complains of defendant and says that one Margaret Roberts, in her lifetime, was the owner of the following described real estate, in Whitley county, Indiana, to wit: the southwest quarter of the northeast quarter of section eighteen, in township thirty-one north, range nine east; that said real estate was encumbered by a mortgage to Christian D. Waidlich, executed by the said Margaret Roberts; that said Margaret Roberts died testate, at Whitley county, Indiana, and devised said real estate, in fee simple, to the children of this plaintiff and her husband, Jonathan Roberts, with a life estate to said Jonathan Roberts, and

conditioned further for the payment of certain legacies to the defendant and others in said will named; that Christian D. Waidlick assigned said mortgage to Charles Cox, who is the son of the defendant; that said Charles Cox foreclosed said mortgage in the Whitley Circuit Court, and said premises were duly sold by the sheriff of Whitley county, Indiana, on the 22nd day of January, 1898, to the defendant, Mary E. Cox; that subsequently said Mary E. Cox agreed with this plaintiff that she would assign said certificate of purchase to the plaintiff for the sum of $750, and that she would make said assignment .at the Farmers Bank, at Columbia City, Indiana, whenever this plaintiff procured and was ready to pay said sum of $750; that it was afterwards agreed that Jonathan Roberts, husband of this plaintiff, could enter upon said premises in the fall of 1898, and sow the same to wheat; that, in accordance with said agreement, said Jonathan Roberts did sow on said premises thirty acres of wheat; that, prior to the 31st day of January, 1899, this plaintiff procured $750, and was ready and willing to pay the same at the Farmers Bank at Columbia City, Indiana, to the defendant, Mary E. Cox, for an assignment of said certificate of purchase, and notified said Mary E. Cox to that effect; that said Mary E. Cox, defendant, failed, and neglected, and refused to go to said bank and receive said money and assign said certificate of purchase, but, disregarding her said contract, has presented said certificate of purchase to the sheriff of Whitley county, and has obtained from him a deed of conveyance for said real estate, and is now claiming to be the owner thereof, and is giving it out in public speech that this plaintiff and her husband have no right to, and shall not, harvest the wheat crop now growing on said premises, and that they have no right to, nor has the plaintiff any right to or interest in said real estate; that said real estate is fairly and reasonably worth the sum of $1,500; that this plaintiff obtained the money with which to purchase said certificate at great cost,

damage, and expense to herself; that, by reason of the failure of said defendant to assign said certificate of purchase to the plaintiff, she has lost said real estate, and the surplus remaining therein over and above said $750, and she has been damaged by the failure, neglect, and refusal of said Mary E. Cox to comply with the terms of her agreement, in the sum of $1,000, for which she demands judgment, and for all other and proper relief."

It is argued by counsel for appellant that the agreement declared upon is within the statute of frauds, and is not enforceable. On demurrer, it will be presumed—the contrary not being alleged—that the agreement counted upon was verbal, and, if the agreement is such as is required by the statute of frauds to be in writing, the objection may be taken by the demurrer for want of sufficient facts. If the contract declared upon be one for the sale of lands, or interest therein, then it falls within §6629 Burns 1894, subd. 4, and, to be enforceable, must be in writing.

The owner and holder of a sheriff's certificate of sale of real estate is the owner of an interest in the real estate described in the certificate, and it is an interest which the holder can transfer and protect. *Gable* v. *Seiben,* 137 Ind. 155. In the case last named, Howard J., speaking for the court, said: "Section 6466 R. S. 1881 provides that 'the owner or occupant of any land sold for taxes, or any other person having an interest therein, may redeem the same at any time during the two years next ensuing. That the owner of the sheriff's certificate of sale of real estate has an interest in such real estate seems too plain for argument. The fact that such interest may not ripen into ownership by reason of redemption from sale or other cause does not show that the interest is not a real one."

The contract sued upon in the case at bar was a contract by which appellant was to part with whatever interest she had in the land, and it is immaterial whether that interest was a legal or equitable interest. Thus, it is said in 8

Am. & Eng. Ency. of Law, p. 695 : "Clearly, every contract for the sale of the legal title to real estate is within the statute; but it applies to contracts for the sale of the equitable title as well; thus for the sale of an equity of redemption, whether from a mortgage, a trust deed, a judicial sale, a tax sale, an execution sale, or however such an equity of redemption may arise."

That the fourth section of the statute of frauds extends to and embraces equitable as well as legal interests in land is well settled. Brown on Stat. of Frauds, §229; Reed. on Stat. of Frauds, Vol. 2, §723.

In the case of *Hughes* v. *Moore,* 7 Cranch. (U. S.), 176, 3 L. ed. 307, in an opinion by Marshall, C. J., it is held that an agreement between A and B by which B was to pay A a certain amount of money to compensate A for damages done him on account of B having procured a patent for land in his own name, when it should have been in the name of A, is a contract within the statute of frauds, and must be in writing.

In the case of *Scott* v. *McFarland, Adm.,* 13 Mass. 309, it is held that "the right in equity of redeeming real estate mortgaged is such an interest in land as cannot by our statute of frauds be passed by parol."

That the owner of a sheriff's certificate of sale is a proper redemptioner is settled law in this State. *Gable* v. *Seiben,* 137 Ind. 155.

In *Junkins* v. *Lovelace,* 72 Ala. 303, it is held that an agreement to redeem from a sale of mortgaged lands under execution, and to allow the mortgagor the benefit of said redemption in case the mortgagor paid the redemptioner the amount expended by him, with interest, is within the statute of frauds, and not enforceable unless in writing.

In the case of *Clark* v. *Condit,* 18 N. J. Eq. 358, it is held that an equity of redemption is such a right or estate in lands as cannot be released or conveyed except in writing. To the same effect was *Van Keuren* v. *McLaughlin,* 19 N.

J. Eq. 187. An agreement which amounts substantially to a transfer of any interest in land has always been held to be within the statute. Agnew on Stat. of Frauds, p. 151.

In the case of *Smith* v. *Burnham,* 3 Sumn. 435, Justice Storey says: "A contract for the conveyance of lands is a contract respecting an interest in lands. It creates an equitable estate in the vendee in the very lands; and makes the vendor a trustee for him. A contract for the sale of an equitable estate in lands, whether it be under a contract for the conveyance by a third person, or otherwise, is clearly a sale of an interest in the lands within the statute of frauds. A partnership to buy contracts for the sale of lands is a partnership for the purchase of an equitable interest in those lands."

In *Whiting* v. *Butler,* 29 Mich. 122, it is held, in an opinion by Justice Cooley, that the equitable interest in lands acquired by the purchaser at an execution sale was an interest capable of assignment and sale, but the contract for such sale or assignment was within the statute of frauds, and, to be enforceable, must be in writing. See, also, *Grover* v. *Buck,* 34 Mich. 519.

In the case of *Daniels* v. *Bailey,* 43 Wis. 566, it is held that the sale of an interest in a certificate of sale of standing timber is a sale of an interest in land, and, if by parol, is void by the statute of frauds.

The contract for the transfer of the certificate of sale declared upon in appellee's complaint was voidable merely. It was not void. The statute simply prohibits the bringing of an action to enforce it. The parties may fully execute their contract if they desire, but they cannot be compelled to do it by any action in law or equity. *Hadden* v. *Johnson,* 7 Ind. 394.

It was early held in this State that the closer the provisions of the statute of frauds are adhered to, consistent with control of judicial authority, the better. *Ball* v. *Cox,* 7 Ind. 453.

The certificate of sale of real estate, representing as it does an interest in the real estate, it necessarily follows that a contract to sell or transfer such certificate is a contract to sell or transfer an interest in land. Such a contract is within the statute of frauds, and, to be enforceable, must be in writing. It follows that the court erred in overruling the demurrer to the complaint. The judgment is reversed, and the cause is remanded, with instructions to the lower court to sustain the demurrer to the complaint.

Wiley, J., dissents.