## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

# WATER FRONT COAL CO., INC., v. SMITHFIELD MARL, CLAY AND TRANSPORTATION CO.

### January 16, 1913.

1. CORPORATIONS—*Process—Service on Wife of Agent.*—Process against a corporation cannot be executed by service on the wife of an agent.

2. APPEAL AND ERROR—*Objections in Trial Court—Change on Appeal.*—A defendant cannot assign one objection to the mode of service of process in the trial court and a different one in the appellate court where the latter could have been corrected in the trial court if attention had been called to it.

3. ATTACHMENTS—*Affidavit—Amendment.*—An affidavit for an attachment may be corrected in the trial court at any time before the rights of others have accrued.

4. ATTACHMENTS—*Affidavit—Amount of Claim—"At Least."*—An affidavit made by the plaintiff in an attachment which states, with the utmost exactness, the amount which the plaintiff is entitled to recover, and that he believes his claim to be just, is not insufficient by reason of the omission of the words "at least" contained in the statute. The phrase quoted does not qualify the amount claimed, but serves merely to emphasize the mode of stating the amount.

5. ATTACHMENT—*Process—Order of Publication—Time of Issuing—Service of Process on Defendant—Code, section 2979.*—When an attachment, other than under sections 2961 and 2962 of the Code, has been regularly issued, levied and returned executed, if the defendant has not been served with a copy of the attachment, or with process in the suit wherein the attachment issued, an order of publication should be issued against him, as required by section 2979 of the Code, but it is not necessary that said order of publication should be issued immediately upon such return, and if the action is not abated, and process is subsequently served on the defendant in the action, this is a compliance with section 2979 of the Code, and the attachment, if otherwise valid, should not be quashed.

Error to a judgment of the Circuit Court of Isle of Wight county in an action of assumpsit, accompanied by an attachment. Judgment for the defendant in the attachment. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*R. T. Thorp,* for the plaintiff in error.

*E. R. F. Wells,* for the defendant in error.

Keith, P., delivered the opinion of the court.

The Water Front Coal Company brought its action in assumpsit in the Circuit Court of Isle of Wight county in January, 1911, against the Smithfield Marl, Clay and Transportation Company. Process summoning the defendant to appear at February rules was issued, and an attachment was also sued out. Upon the process in the suit the sheriff of Isle of Wight made the following return: "No officer of the within named Smithfield Marl, Clay and Transportation Company, nor any other person on whom there might be service of the within process, being within my county, I executed the same by delivering a true copy thereof to the wife of M. J. Dugan, agent for the said company, for the said M. J. Dugan agent, he the said agent not then and there being found at his usual place of abode, in the county of Isle of Wight, in which county is the place of business of said M. J. Dugan agent."

The attachment was returned as having been levied upon certain specified personal property of the defendant, and a copy was delivered to the wife of M. J. Dugan, agent for the defendant, the said Dugan not being found at his usual place of business.

Upon the return of the process and attachment, rules

were taken and the case was placed upon the docket, and was called for trial at the June term, 1911, when the defendant appeared specially and moved the court to quash the process because it had not been served on the defendant in the mode prescribd by law, and for that reason the court quashed the process in the main suit, remanded the case to rules to be matured by alias process, and continued the attachment proceedings.

The only ground assigned in the circuit court upon the motion to quash was that the process had not been served on the defendant in the mode prescribed by law. (Sec. 2979, Code of Virginia.) But in the argument before this court it is contended that the affidavit, which is in the following words, was insufficient:

"This day personally appeared before me, A. S., Johnson, clerk of the Circuit Court of Isle of Wight county, aforesaid, in the State of Virginia, O. W. Guy, who made oath before me, in my said county, that he is agent for the above plaintiff, and that a suit has been instituted in the said court by the said plaintiff to recover against Smithfield ·Marl, Clay and Transportation Company, a corporation, defendant, the sum of eleven hundred and three dollars ($1,103.17) and seventeen cents, with interest thereon from the 9th day of January, 1911, until payment, which sum the affiant believes the plaintiff is entitled to or ought to recover, and that the plaintiff's claim is believed to be just, * *"

Comparing this affidavit with the statute on attachments, section 2959, it will be seen that the language of the statute is that the plaintiff, his agent or attorney, "shall make affidavit stating that the plaintiff's claim is believed to be just * * * and where it is to recover a debt or damages for the breach of a contract, express or implied, or damages for a wrong, a certain sum which (at least) the affiant believes the plaintiff is entitled to

or ought to recover,    *    *," while the affidavit omits the words "at least," and for this omission defendant in error claims that the attachment should be quashed.

It would be a sufficient answer to the contention in this court to say that it was not made in the circuit court, where the plaintiff would have had an opportunity to correct it, for the affidavit required by the statute may be made at any time before another person obtains the right. *Cirodo v. Buchanan,* 22 Gratt. (63 Va.) 205.

But we are further of opinion that the objection is not well taken. It is true that in *Dulin* v. *McCaw,* 39 W. Va. 721, 20 S. E. 681, the Supreme Court of West Virginia quashed an attachment which omitted the phrase "at least," as not being a substantial compliance with the terms of the statute, following the case of *Altmeyer* v. *Caulfield,* 37 W. Va. 847, 17 S. E. 409, in which Judge Dent filed a very persuasive dissenting opinion.

In *Kennedy* v. *Morrison,* 31 Tex. 207, the district court quashed the attachment because the affiant did not state that the defendant was "justly" indebted, according to the requirement of the statute, but on appeal this was reversed, the court saying: "The pleadings of the plaintiff in the attachment filed under oath must show conclusively to the court a certain amount 'justly' due; and whether or not it is justly due does not depend upon the sworn statement of the party of the justness, but on the proper allegations of the indebtedness, showing the same is just, and this statement to be under oath. There can be no doubt that any court would upon demurrer to the petition decide that the defendant was 'justly' indebted agreeably to the statement."

And in *Grover* v. *Buck,* 34 Mich. 519, the court held that "An affidavit for a writ of attachment, which states positively the amount due over and above all legal set-offs is not objectionable for want of the qualifying words, 'as

near as may be.' The affiant states the sum 'as near as may be' when he states it exactly."

In *Clinch River Mineral Co.* v. *Harrison,* 91 Va. 122, 21 S. E. 660, this court said: "Affidavits as to the ground of attachment are always to be strictly construed, and any omission of the requirements of the statute is fatal to the attachment, but if the language of the affidavit necessarily implies the fact, it is sufficient. Hence, an affidavit 'that the claim is just,' and 'that the defendant is converting,' etc., is a sufficient compliance with a statute which requires an affidavit 'that the claim is believed to be just,' and 'that to the best of affiant's belief defendant is converting,' etc."

In the affidavit before us the plaintiff states with the utmost exactness the amount which he is entitled to recover, and that he believes his claim to be just. The adverbial phrase "at least" does not qualify, in our judgment, the amount claimed, but serves merely to emphasize the mode of stating the amount, which, as we have seen, is set forth in the affidavit with the utmost exactness—to the uttermost farthing.

In pursuance of the order of the court, alias process was issued, was duly executed, and the case was matured and put upon the docket for trial at the October term.

At the October term (November 16, 1911), the defendant again appeared specially and moved the court to quash the attachment, for the reason that upon the return of the attachment executed the defendant had not been served with a copy of the attachment or with process in the suit, and that no order of publication was made against it; and by order entered on that day (November 16), the court quashed the attachment, to which action of the court plaintiff excepted and filed its bill of exception No. 1, which is made a part of the record.

As the judgment of the court in quashing the attach-

ment was based solely on the ground that the case had not been matured by order of publication, the plaintiff, without waiving its exception No. 1, moved the court to remand the cause to rules to be matured by order of publication, which the court refused to do, and the plaintiff again excepted, which exception No. 2 is also made a part of the record.

At the same term (November 17, 1911), the case was tried, and the plaintiff obtained judgment for $1,103.17, with interest from the 9th of January, 1911, and costs.

It appears that the suit was properly commenced and original process properly issued.  It further appears that the suit has never abated, and that the plaintiff obtained judgment therein at the October term, 1911, to which judgment there was no exception.  It further appears that the attachment was properly sued out, upon proper grounds and sufficient affidavit, and was duly levied upon the property of the defendant.

It will thus be seen that the action of the court in quashing the attachment is based, not upon any defect in the attachment itself, or in the levy of the attachment, or in the process by which the suit was commenced, but rests solely upon the ground that upon the return of the process it did not appear that it had been properly served upon the defendant, or that a copy of the attachment had been properly served upon it, and that an order of publication should have been issued immediately; and it is claimed that the action of the court is justified by section 2979 of the Code of Virginia, which provides that "When an attachment, except under sections twenty-nine hundred and sixty and twenty-nine hundred and sixty-one and twenty-nine hundred and sixty-two, is returned executed, if the defendant has not been served with a copy of the attachment, or with process in the suit wherein the attachment issued, an order of publication shall be made against him."

The case having been brought before us by writ of error, it is insisted by the plaintiff in error that the court erred in quashing the attachment.

In this case the defendant had not been served with a copy of the attachment or of the process in the suit wherein the attachment issued, and a case was presented in which an order of publication should have been made against it. The defendant in error contends that it should have been made immediately upon return of the attachment executed, it appearing that the defendant had not been served with a copy thereof or with process in the suit wherein it was issued.

In *Pulliam* v. *Aler,* 15 Gratt. (56 Va.) 54, an attachment was sued out under the first section of Chapter 151 of the Code of 1849, which provides that "When any suit is instituted for any debt, or for damages for breach of any contract, an affidavit stating the amount and justice of the claim, that there is present cause of action therefor, that the defendants or one of the defendants is not a resident of this State, and that the affiant believes he has estate or debts due him within the county or corporation in which the suit is, or that he is sued with a defendant residing therein, the plaintiff may forthwith sue out of the clerk's office an attachment against the estate of the non-resident defendant for the amount so stated." · The attachment recited that "whereas since the institution of a suit * * * there has been filed in the clerk's office of the said court an affidavit * *," and it was assigned as error that the process appearing on its face to have been issued *since* the institution of the suit was regularly issued, and that it was the duty of the court before whom it came *ex officio* to quash it, because the language was that it should be issued "forthwith": the contention being that the statute had a narrow and restricted meaning which referred to the instant of time spoken of.  But the court, Judge Allen delivering the opinion, held that "an attach-

ment may be issued under the first section of the Code, Ch. 151, p. 600, after the action has been commenced, if it be done before the abatement of the suit by the return of the officer."

In *Cooper* v. *Reynolds*, 10 Wall. 308, 19 L. Ed. 931, the Supreme Court, speaking through Mr. Justice Miller, said, "the levy of the writ of attachment is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*. Without this the court can proceed no further; with it the court can proceed to subject that property to the demand of the plaintiff." If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such a writ is returned into court, the power of the court over the *res* is established. The affidavit is the preliminary to issuing the writ. It may be a defective affidavit, or possibly the officer whose duty it is to issue the writ may have failed in some manner to observe all the requisite formalities; but the writ being issued and levied, the affidavit has served its purpose, and, though a revisory court might see in some such departure from the strict direction of the statute sufficient error to reverse the judgment, we are unable to see how that can deprive the court of the jurisdiction acquired by the writ levied upon defendant's property.

"So also of the publication of notice. It is the duty of the court to order such publication, and to see that it has been properly made, and, undoubtedly, if there has been no such publication, a court of errors might reverse the judgment.

"But when the writ has been issued, the property seized, and that property been condemned and sold, we cannot hold that the court had no jurisdiction for want of a sufficient publication of notice."

It is true that in *Cooper* v. *Reynolds* there was a collateral attack upon the judgment in the attachment suit, while in the case before us the validity of the attachment was brought directly in issue by the proceeding which we are called upon to review. Certainly the return made by the sheriff upon the original writ was insufficient and was properly quashed, but in consequence of that return the clerk had placed the case upon the court's docket, where it remained until the June term, when the defendant appeared specially and moved the court to quash the process, which was done, the case was remanded to rules to be matured by alias process, and the attachment proceeding was continued. The alias process directed by the court to issue was duly executed and the case was matured and put upon the docket for trial at the October term, when the defendant again appeared specially and moved the court to quash the attachment, for the reason that upon the return of the attachment the defendant had not been served with a copy thereof or with process in the suit, and that no order of publication was made against it; and thereupon the court quashed the attachment.

We are of opinion that there was a continuity of process from the beginning of this suit to the end. Process was regularly issued, but irregularly served in the first instance, and when it was quashed and an alias summons directed and served, there had been no discontinuance of the action; and the personal service of the alias process having been obtained before the suit was abated, there was a compliance with section 2979 of the Code, construed in the light of Judge Allen's opinion in *Pulliam* v. *Aler, supra.*

For these reasons we are of opinion that there is error in the judgment complained of, for which it must be reversed, and this court will proceed to enter such judgment as the circuit court should have rendered

*Reversed.*