# CIRCUIT COURT OF FAIRFAX COUNTY

Dumitru D. Carstea

   v.

Colberts Const. Co.

June 24, 2004

Case No. (Law) 221450

BY JUDGE ARTHUR B. VIEREGG, JR.

This matter came before me on June 18, 2004, on a motion for default judgment against defendant Colberts Construction Co. I took the matter under advisement to review the additional materials submitted regarding the business structure of Colberts Construction Co. and the issue of service of process of the "amended complaint."

Upon review of the documents from the State Corporation Commission, it is plain that Colberts Construction Co. was incorporated under the laws of Virginia. Therefore, the service requirements of Virginia Code § 8.01-299 apply.

Section 8.01-299 provides:

> *How process served on domestic corporations generally* — Except as prescribed in § 8.01-300 as to municipal and quasi-governmental corporations, process may be served on a corporation created by the laws of this State as follows:
> 1. By *personal service* on any officer, director, or registered agent of such corporation; or
> 2. By substituted service on stock corporations in accordance with § 13.1-637 and on nonstock corporations in accordance with § 13.1-836.

Va. Code Ann. § 8.01-299 (Michie 2003) (emphasis added).

Mr. Keith Colbert is listed as Vice President, officer, and registered agent of Colberts Construction Co. in the State Corporation Commission documents. Thus, *personal service* upon Mr. Colbert would satisfy the requirements of § 8.01-299. The return of service filed by the Sheriff on April 27, 2004, indicates that Mr. Keith Colbert was not available for personal service, so process was delivered to "Emma Colbert (wife)" on April 22, 2004. In *Water Front Coal Co. v. Smithfield Marl, Clay & Transp. Co.*, 114 Va. 482, 76 S.E. 937 (1913), the Virginia Supreme Court recognized that service of process on the wife of the corporation's registered agent was not effective under the statute. Since personal service on Mr. Colbert was not obtained, and the name "Emma Colbert" does not appear as an officer or otherwise in the State Corporation Commission documents, the requirements of § 8.01-299 have not been met. Therefore, the motion for default judgment must be denied at this time as proper service of the "amended complaint" upon defendant Colberts Construction Co. has not been effectuated.