MORRIS, District Judge
(after stating the facts as above). The contention of the appellants that their judgments against the Rockbridge Company, which bear date as of March 1, 1894, are entitled to priority as liens on the company’s real estate not included in the mortgage, is based, in the first place, upon the alleged want of jurisdiction in the court to appoint 'a receiver of any of the company’s property, except that upon which the complainants, by virtue of their mortgage bonds, had a lien. It is undoubtedly true, and has been decided in many cases, that general creditors of either an individual or a corporation who have no judgment or other liens upon the debtor’s property have no-standing in equity to interfere with the debtor’s possession of his property. This rule, and the exceptions to it, are fully discussed and explained in Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127; and the effect of failure to bring such an objection seasonably to the attention of the court is thus stated on page 380, 150 U. S., and page 128, 14 Sup. Ct.:
“It is urged, however, that this court bas sustained the validity of proceedings and decrees in suits of this nature in which it appeared that the plaintiffs had not exhausted their remedies at law; and the cases of Sage v. Railroad Co., 125 ü. S. 361, 8 Sup. Ct. 887, and Mellen v. Iron Works, 131 U. S. 352, 9' Sup. Ct. 781, are cited as illustrations. But, passing by other matters disclosed by the facts of those cases, it will be noticed that in neither of them-was the objection made at the outset, and when action on the part of the court was invoked. Defenses existing in equity suits may be waived, just as they may in law actions; and, when waived, tne cases stand as though the objection never existed. Given a suit in which there is jurisdiction of the parties, in a matter within the general scope of the jurisdiction of courts of eauity,. and a decree rendered will be binding, although it may be apparent that defenses existed which, if irresented, would have resulted in a decree of dismissal. Take the present case as an illustration. Suppose the corporation and other defendants had made no defense, and, without expressly consenting, had made-no objection to the appointment of a receiver, and the subsequent distribution of the assets of the corporation among its creditors; it cannot be doubted that a final decree providing for a settlement of the affairs of the corporation and: *445 a distribution among creditors could not have been challenged on the ground of a want of jurisdiction in the court, and that notwithstanding it appeared upon the face of the bill that the plaintiffs were simple contract creditors, because the administration of the assets of an insolvent corporation is within the function of a court of equity, and, the parties being before the court, it has power to proceed with such administration. If there was a defense existing to the bills as framed,—an objection to the right of these plaintiffs to proceed on the ground that their legal remedies had not been exhausted,—it was a defense and objection which must be made in limine, and does not of itself oust the court of jurisdiction. This doctrine has been recognized, not merely in the .cases cited, but also in those of Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594; Brown v. Iron Co., 134 U. S. 530, 10 Sup. Ct. 604. None of these cases question the proposition that, if the objection is seasonably presented, it will be effective.”
In the present case it is true that the complainants had a standing in court for equitable relief only because they had a specific lien on part of the company’s property by virtue of their being holders of its bonds secured by mortgage on that property, and that, as to the other property-of the company, they were simple contract creditors. In their bill of complaint and petitions and affidavits, they further alleged that all of the company’s property was neglected and going to waste, that the company was hopelessly insolvent and unable to carry out the purposes for which it was organized, and that its personal property had disappeared. The bill was filed in September, 1892, but the prayer for the appointment of a receiver was not acted upon until February, 1894. No one in the meantime filed any objection, and additional petitions were from time to time filed by other bondholders, urging the court to appoint a receiver. The receivers, having been appointed by the order of February 26, 1894, took possession of all the company’s property, and directed notice to be given to all creditors to file their claims, and the court proceeded to administer all the company’s property according to the prayer of the bill; that is to say, to convert it into money to be distributed ratably among all the creditors, according to their respective legal priorities. By decree of June 8, 1895, the receivers were authorized to sell all the property in the manner most conducive to the interest of all parties concerned. So far as the record discloses, no one has ever objected to the jurisdiction of the court to pass any one of these decrees or orders. The exception of the appellants does not deny the jurisdiction of the court, but complains that in the distribution of the assets their judgments are not given priority, and allowed as a lien on the property not embraced in the mortgage. It seems to us, therefore, that the case stated by the bill being within the general scope of equity jurisdiction, and the action of the court in dealing with it being within the usual exercise of its equity powers, no argument or contention can now be based upon the want of jurisdiction, the point not having been called to the attention of the court below either in the exception or the assignments of error. Brown v. Iron Co., 134 U. S. 530, 10 Sup. Ct. 604.
The other contention of the appellants is that their judgments, having been entered at the March term, 1894, became liens upon *446 the real estate of the company not embraced in the mortgage, just as if no receiver had been appointed, because the bond of one of the receivers was not filed until March 1st, and the bond of neither was approved until March 2d. If this was a case in which the rights of the parties depended upon the question of who first obtained actual possession of the property, we should feel that there was force in the appellants’ contention. In Frayser v. Railroad Go., 81 Va. 388, relied upon by the appellants, the question of who had the better right was, in substance, a question of possession. It was a case of foreclosure of mortgage of a railroad, in which a receiver was appointed to take possession of all the property, moneys, books, etc., of the railroad company. A creditor had obtained judgment before the filing of the bill, and after the order appointing the receivers, but before they filed their bond, which was a prerequisite to their entering upon the performance of their duties, the judgment creditor had execution issued, and put it in the hands of the sheriff, which, under the statute of Virginia, gave him a lien upon all the personal property of the debtor, although not levied on nor capable of being levied on. Pending the qualification of the receivers, the court had ordered that the company should deposit the money in its treasury in a designated bank, to the credit of the cause. This money was derived from the earnings of the road prior to the time the bill was filed. The mortgagees had no right to any of the earnings prior to taking actual possession, and all earnings prior to taking possession on their behalf belonged to the company, and were liable to be taken by its creditors upon execution. It was held that the receivers were not, in any event, entitled to the earnings of the road accrued before the bill was filed. And in Edwards v. Edwards (1876) 2 Oh. Div. 291, cited by counsel for appellants, the question was whether the receivers had first obtained possession. It was a case of a bill to enforce a security, and for a receiver, filed by the holder of an unrecorded bill of sale. Under the act of parliament, unless the holder of the bill of sale had taken possession, or it had been recorded, it was null and void, as against executions, if the property remained in the possession of the party making the bill of sale. A creditor of the maker of the bill of sale had obtained a judgment before the filing of the bill, and, after the date of the order appointing the receiver, but before he had qualified himself to take possession by giving bond, the creditor levied his execution. It was held on appeal that it was the- plain meaning of the order that the receiver was appointed conditionally upon his giving security, and before that he could not take possession; that both parties stood on their legal rights, and the judgment creditor had the better right, for the holder of the bill of sale had neither recorded it, nor had he taken possession. In Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct 1019, it was held that physical possession of the vessels in dispute was the test, solely because the admiralty court was not a court of concurrent jurisdiction with the state court, but, in matters of admiralty cognizance, had sole and exclusive jurisdiction, and withheld from seizing property sub *447 ject to maritime liens only when in the actual physical possession of: the officers of another court, and then only to avoid unseemly conflicts. In the case in hand, the property on which the judgment lien, is claimed is real estate, of which neither the receiver nor the judgment creditor needed to take actual possession; and the decree appointing the receiver, dated February 26,1894, by its terms took from, the defendant corporation all its assets, and was accompanied by an, injunction which restrained the officers and agents of the company from exercising any control over the property, assets, or books-of the company, or- from interfering in any manner with the control of the receivers, and enjoined all persons claiming to be creditors from instituting any suits, and from further prosecuting any suits theretofore instituted. The effect of a general receivership-of a corporation, accompanied by such an injunction depriving it of the means of contesting suits instituted- against it, has generally, and, we think, properly, been held to preclude creditors from, prosecuting claims to judgment without leave of the court. The-corporation is left in a situation which makes it inequitable that suits should be allowed to be prosecuted against it. 5 Thomp. Corp.. § 6897. The injunction, by reason of section 720 of the Revised Statutes, forbidding injunctions to stay proceedings in a state court, could not prevent the appellants from prosecuting their suits and obtaining these judgments which were by default, but the circuit court can determine the effect which the judgments shall have as a lien upon* property in its custody. Generally the better rule would seem to be-that, when the court has jurisdiction, the order appointing a general receiver for the purpose of liquidation is an adjudication which operates as a sequestration of the property of the corporation, and especially is this so when it is plain that such is the intention and scope of the order; and in such cases to hold that the rights of' parties are affected by the accident of whether the receiver is able on the instant to proffer his bond for approval is illogical. High, Rec. § 151; Beach, Rec. §§ 217, 623; Maynard v. Bond, 67 Mo. 315. The-receiver is but the hand of the court itself. If the receiver appointed does not qualify, another is appointed. If he dies, his successor stands in his shoes. His appointment is only a convenient instrument in effecting the relief intended. McNulta v. Lochridge, 141 U. S. 327-331, 12 Sup. Ct. 11.
The sole question before us is the effect of the judgments under the proceedings in this case. The bill was not only to foreclose a mortgage, but was, as well, a general creditors’ bill for-the general liquidation of the company. There was no appeal from the order directing the receiver to take the property not embraced in the mortgage, nor from the injunctions prohibiting the prosecution of suits, nor from the decree directing the sale of all the property of the corporation, so that all those adjudications-stand; and the appellants maintain that, notwithstanding those decrees are in force, there was error in denying to them a lien by virtue of their judgments. As the judgments were entered after the appointment of the receivers and the issuing of the injunction, we do not think it is a material fact that they were entered before- *448 the receivers’ bonds were perfected by approval. Maynard v. Bond, 67 Mo. 315. To hold that because there was property included in the scope of the bill, and affected by the receivership, which was not embraced in the mortgage, as to which creditors could obtain liens by judgments after the appointment of the receivers, would be to open the door to all judgments entered before the actual sale. We think the better rule is that the appellants having had no judgments at the date of the appointment of the receivers, but being simple contract creditors, they were represented in the suit by the defendant corporation, and their judgments were obtained pendente lite. Stout v. Lye, 103 U. S. 66. After obtaining their judgments they might, by leave, have come into the suit, and contended for such modification of the orders and decrees as they could show themselves entitled to, but they did not. They accepted what the court had done to protect the property of the corporation and administer its assets, and came in on the footing of creditors on whose behalf the bill was filed. They excepted to nothing, except that their claims were not allowed as liens by reason of their judgments. That is the one point we consider to be -before us, and on that point we are of the opinion that the judgment was entered after the property was in custodia legis, and too late to obtain a lien. The decree appealed from is affirmed.