### CLARK et al. v. BACORN.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1902.)

#### No. 757.

1. CORPORATIONS—INSOLVENCY—RECEIVER—CREDITORS—PRIORITY.

Where a corporation becomes insolvent, and its assets have passed into the hands of a receiver, such assets constitute a fund for ratable distribution among its creditors, and no creditor can, by suit commenced or judgment recovered after the commencement of the proceedings to secure the appointment of the receiver, secure a lien on such assets that will entitle him to priority of payment.

In Equity.

This is a suit in equity, in the nature of a bill of intervention, brought by the appellants (complainants below) to obtain a decree adjudging their judgment lien prior to any lien or rights of other creditors in and to the property of the American Developing & Mining Company, and for the sale of said property, and application of the proceeds thereof to the satisfaction of such lien. It appears that on March 21, 1898, one Livingston Cushing, a citizen and resident of the state of Massachusetts, on behalf of himself and all other creditors of the American Developing & Mining Company, brought a suit in equity against said company, a Montana corporation, alleging the insolvency of the corporation, and that the complainants had become personally responsible as guarantors and indorsers for certain indebtedness of the corporation. The bill prayed that the court might administer the assets of the corporation; that a receiver be appointed to take charge of the property of the corporation, and required to pay off and discharge the notes on which the complainant Cushing was surety, and also the other debts of the corporation; that in default of such payment by the receiver the property of the corporation be sold, and the proceeds applied in accordance with law and the rules and practice of equity. The usual injunction was also prayed for. On the same day the corporation by its secretary, F. W. Bacorn, filed in court its answer to said bill, admitting all the allegations of the bill. The said Bacorn, as such secretary, also filed an affidavit describing the exact financial condition of the corporation, and a statement of its indebtedness. Thereafter, on the same day, the judge of the circuit court of the United States for the district of Montana appointed said Bacorn receiver of the said corporation and of its property, with general power to have, hold, and manage the same under the orders and directions of the court, and enjoined all creditors of said corporation from in any way intermeddling with the property directed to be turned over to the receiver. The corporation by its president on said 21st day of March, 1898, made, executed, and

---

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 2248, 2283.

filed in said court a consent in writing to the appointment of the said Bacorn as receiver, and the said Bacorn thereupon filed his oath, and on the 15th day of April, 1898, gave his bond as receiver, and entered upon his duties as such receiver. It further appears that on the 30th day of April, 1898, the appellants herein obtained a judgment in the state court of Montana against the said corporation for the sum of $41,376.68. On June 17, 1899, about 15 months after the appointment of the receiver as aforesaid, the appellants herein instituted the present suit, alleging in their bill that the said corporation was indebted to appellants at the time the said receiver was appointed in the sum of about $40,000 upon an overdraft for moneys expended for and on behalf of said corporation; that by the entry, docketing, and recording of the transcript of the judgment of April 30, 1898, obtained in the state court, the appellants have a lien upon the property of the said corporation anterior and prior to the lien of any other creditor; that by the order of the circuit court appointing a receiver of said property the appellants are prevented from perfecting their lien upon and from proceeding against the property covered thereby, by writ of execution or otherwise; and asking that their lien be declared prior to that of any other creditor, that the receiver be directed to sell the property of the corporation and apply the proceeds to the satisfaction of their judgment lien and such other liens as may be determined by the court to exist; also that the said Livingston Cushing be enjoined from further prosecuting his suit against the said corporation. A general demurrer to this complaint was filed by the receiver, Bacorn. It was sustained by the circuit court, and the bill dismissed. The case is now before this court upon appeal from the judgment of dismissal.

Jesse B. Roote and William A. Clark, Jr., for appellants.
Forbis & Evans, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The specifications of error present the single question whether the facts alleged in appellants' bill of complaint constitute such a cause of action as would entitle them to the equitable relief sought; in other words, have the appellants a lien upon the property or funds in the hands of the receiver, Bacorn, superior to that of other creditors? We think this question must be answered in the negative. It is well settled that when a corporation becomes insolvent, and the corporate assets have passed into the hands of a receiver, such assets constitute a fund for ratable distribution among its creditors; and no creditor can, by suit commenced or judgment recovered after the commencement of the proceedings to secure the appointment of a receiver, secure a lien upon the corporate assets that will entitle such creditor to priority of payment. Thompson, in section 7060 of his work on Corporations, states the reason for this rule to be that "the proceeding in which the receiver is appointed is a judicial assignment of the property of the insolvent for a ratable distribution, and no creditors are allowed, therefore, by any act subsequently done, to get liens or preferences in respect of it." It would, indeed, seem anomalous that a lien adverse to the rights of the receiver could be obtained, and thus interfere with one of the objects of his appointment in the control of the distribution of the assets.

In Cowan v. Plate Glass Co., 38 Atl. 1075, the supreme court of Pennsylvania held that a creditor of a private business corporation, who had not obtained judgment against it until after appointment of a receiver, on adjudication of its insolvency, to take possession of all its

assets, was not entitled to a preference, though his claim was for money advanced to pay wages and freight bills to keep the business running. In discussing the effect of the appointment of the receiver the court said:

"To avoid sacrifice of the assets by executions and sales on many claims, with the attendant costs, the court took possession of the property, that it might be turned into money for equitable distribution among all the creditors, as they stood on March 19, 1894 (the day the receiver was appointed). If any creditor can, regardless of the change in the situation of the property made on that day, obtain a lien by adverse proceedings against the corporation, then the property is still within corporate dominion, and the decree of the court goes for nothing. The argument leads to a conclusion wholly inconsistent with the very purpose of the receivership. The decided weight of authority in regard to common-law receiverships is that, in substance, stated by Tayl. Corp. § 813: 'Where a judgment has been recovered against a corporation after the appointment of a receiver, it does not give the creditor who has obtained it a preference over other creditors in the distribution of corporate assets.'"

And in Temple v. Glasgow, 25 C. C. A. 540, 80 Fed. 441, the circuit court of appeals of the Fourth circuit affirmed the general rule above stated, in holding that judgments against a corporation, obtained between the entry of an order appointing receivers therefor and the approval of the receivers' bonds, create no lien on the property subject to the receivership. The only cases supporting a contrary doctrine are those where the receiver has been appointed on a bill filed by one partner against his copartner for a dissolution of the partnership, and where such receiver is appointed to hold the property or funds pending such litigation, or where a bill has been filed to foreclose a mortgage given by a corporation upon its property, and a receiver is appointed to provide for the safe-keeping of the property of the corporation and to prevent transfers thereof pending the foreclosure proceedings. In these cases creditors recovering judgments prior to the decree of dissolution or decree of foreclosure and sale have been allowed preferential rights, the judgments becoming liens upon the partnership or corporation assets, and such assets regarded as still belonging to the firm or corporation rather than to the creditors. But that is not the situation in the case at bar. This is not a case of partnership dissolution or for the foreclosure of a mortgage, but of corporate insolvency. The bill shows that at the time the judgment in favor of the appellants was obtained the property upon which execution was sought was then in the hands of the court for administration and distribution among all the creditors, through its agent, the receiver, and all the creditors of the corporation were under injunction not to intermeddle with the property in the hands of the receiver. This state of facts does not entitle the appellants to the relief sought.

The judgment of the circuit court is therefore affirmed.