## QUINN v. BANCROFT–JONES CORPORATION.

(District Court, W. D. New York. January 2, 1926.)

1. **Receivers ⬥�longdash77(3)—Judgment not lien on real estate where not rendered until after appointment of receivers for defendant by another court.**

Appointment of receivers for the property of an insolvent is in the nature of an equitable attachment, and judgments obtained by creditors against the defendant thereafter do not constitute liens, the effect of which would be to give the judgment creditors preference.

2. **Courts ⬥�longdash508(2)—Order of federal court on appointment of receivers, restraining actions and proceedings against defendant, held not to contravene statute prohibiting injunction to stay proceedings of state court (Rev. St. § 720 [Comp. St. 1242]).**

Injunction order, made by federal court on appointment of receivers for a corporation, restraining actions and proceedings against it, as applied to actions pending in state courts *held* not to contravene Rev. St. § 720 (Comp. St. § 1242), prohibiting the granting of injunctions to stay proceedings in state courts.

3. **Courts ⬥⟻500—County Court without jurisdiction to grant motion to cancel record of judgments obtained after appointment of receivers in federal court.**

Where a federal court was holding property through its receivers, County Court had no jurisdiction to grant motion to cancel of record judgments obtained after appointment of the receivers.

In Equity. Suit by John J. Quinn against the Bancroft-Jones Corporation. On motion for order declaring judgments not liens on property in hands of receivers. Granted.

Saperston, McNaughton & Saperston, of Buffalo, N. Y., for petitioner.

Allan N. MacNabb, of Buffalo, N. Y. (Harry D. Sanders, of Buffalo, N. Y., of counsel), for Wilson Corporation, Bayley Co., and Johns-Manville Co.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y. (S. Fay Carr, of Buffalo, N. Y., of counsel), for Walbridge & Co.

Ball & Gaylord, of Buffalo, N. Y., for Penn Metal Corporation.

HAZEL, District Judge. The ancillary receivers herein were appointed May 2, 1925. At the time of their appointment various actions were pending against the defendant, and in the action of the Wilson Corporation against defendant judgment was entered after the appointment of the ancillary receivers, to wit, on the 4th of May, 1925. Other judgments, recovered by Walbridge & Co.,

William Bayley Company, Penn Metal Corporation, and others, were entered thereafter.

A motion was made on November 11th by the receivers in the County Court to require the county clerk to cancel and discharge of record the judgments obtained following the appointment of the receivers and ancillary receivers, on the ground that they did not constitute liens on the property of defendant. The motion was denied in the County Court.

[1] A restraining order was included in the order appointing the receivers, but the order was not served upon the judgment creditors who now oppose the cancellation of their judgments. It is the contention of the receivers that, since they were appointed prior to the entry of the judgments in question, no liens against the property and assets of defendant eventuated. This contention must be sustained, as defendant's property unquestionably was in custodia legis before the judgments were entered, and failure to serve the restraining order prior to the entry of the judgments is immaterial. In Davis v. Seneca Falls Mfg. Co., 8 F.(2d) 546, a case recently decided by this court, wherein it was also contended that certain judgments became liens upon the real property of the insolvent defendant, and that receivers were vested with the title to the real estate, it was said:

"In deciding this point, we must have in mind the nature of this action and the purpose in appointing equitable receivers. The general rule is that no judgment lien against the real estate can be acquired subsequent to the time when the assets come into the possession of the court. It is true that the right to acquire a lien existed, but the [judgment creditor] nevertheless could not, in view of the restraining order, proceed and gain a preference over other creditors. Had the transcript been filed on an earlier date, a different question would be presented, since the right of the receivers to possess themselves of the assets, real and personal, dates from the time of their appointment. * * * That bond of the receivers had not been approved by the court until a later date, is immaterial. Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626, 639. It has frequently been held that, when a court of equity takes into its custody the property of an insolvent with the view of administering the same for the benefit of the creditors and others interested, an equitable attachment of the property exists, and, though strictly speaking the title is not in the receiver, it nevertheless, as

the adjudications hold, is in the creditors for whose benefit the assets are held by the court." Clark v. Bacorn, 116 F. 617, 54 C. C. A. 73; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408.

[2] I adhere to this interpretation. The title of the receivers to defendant's assets and property, though qualified, was nevertheless in the nature of an equitable attachment, and in an action such as this the creditors are vested with the title for whose benefit the res is held by the court. The effect of entering judgment by the objecting judgment creditors would result in a preference over other creditors in whose behalf the court has intervened. Nor does the injunction order contravene section 720 of the Revised Statutes (Comp. St. § 1242), inasmuch as the judgment was not docketed in the county where the real estate is situated—i. e., in Erie county— before it came into the custody of this court.

[3] As this court first acquired jurisdiction of the res, it follows that the County Court was without jurisdiction to grant the motion before it. Temple v. Glasgow, 80 F. 441, 25 C. C. A. 540; and see Stout v. Lye, 103 U. S. 66, 26 L. Ed. 428; Clark v. Bacorn, 116 F. 617, 54 C. C. A. 73; Woerishoffer v. North River Const. Co., 99 N. Y. 398, 2 N. E. 47, and Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322. An order may be entered, reciting that the judgment creditors, whose judgments were entered after the appointment of the ancillary receivers herein, have no lien on the real estate of the defendant corporation or upon the funds received from sale thereof, but shall participate in said fund as general only.

So ordered.