## LEHMAN v. HEBERLE et ux.
### No. 1035.

District Court, W. D. New York.
Dec. 17, 1934.

Alfred J. D'Amanda, of Rochester, N. Y., for complainant.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y., for receiver.

Peter G. Smith and J. A. Smith, both of Webster, N. Y., for David W. Scribner, as sole surviving executor.

KNIGHT, District Judge.

When the receivership herein began, one David W. Scribner, as executor of the will of John C. Scribner, deceased, held a mortgage upon certain real estate owned by the defendants herein. Such executor filed a claim in the receivership for $11,575, with interest from June 1, 1931, the full amount of the mortgage debt, asserting therein his right to the mortgage security. The order appointing the receiver in this action contained a provision enjoining all actions against the defendants above named.

Subsequent to the filing of his claim, the executor made an application to this court for authority to foreclose such mortgage, and an order thereon was made granting such authority, but containing the provision "that the leave to join the receiver is granted for the purpose of cutting off any right which he may have as receiver and that there is to be no personal judgment for deficiency taken against the receiver in the foreclosure action." No reference was made in the order to any deficiency against the defendants herein.

The action in foreclosure was prosecuted to judgment, the property bid in by the plaintiff in the foreclosure action, and a deficiency judgment for $9,076.26 entered against the defendants herein. The complaint in the foreclosure action was served personally on the defendants herein who were parties defendant in the foreclosure, and, among other things, it demanded judgment for any deficiency against such defendants. The defendants above named did not appear in the action.

Thereafter the receiver made this motion for an order directing said David W. Scribner to take steps to procure the removal of the deficiency judgment from the clerk's docket and restraining him from continuing the presence of such judgment on such docket. The executor opposes the granting of such order sought by the receiver, and asserts the right to continue such deficiency judgment as a judgment against the defendants.

The action herein is one in equity. The relief sought and the remedies given are equitable in their nature. By the order of appointment, the receiver was authorized and directed to take into his possession all of the properties of the defendants. The action being in equity, it is to be prosecuted for the protection and benefit of all parties interested in such properties. Neither the plaintiff in this action nor the plaintiff in the foreclosure action was entitled to preference over other creditors in the order of the payment of their claims, except as permitted by the court.

The effect of the appointment of the receiver was to place the property of the defendants in the custody of the receiver as an officer of the court. Property in the possession of the receiver is in custodia legis. It is to be held for the benefit of the parties ultimately entitled thereto. Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; C. J. 53, § 118, et seq.; Quincy, etc., R. Co. v. Humphreys, 145 U. S. 82, 12 S. Ct. 787, 36 L. Ed. 632. This language in American Brake Shoe & Foundry Co. v. New York Rys. Co. (C. C. A.) 282 F. 523, 528, is in point: "The receiver, it is to be noted, was appointed under a creditors' bill, and was a mere chancery receiver or arm of the court, extended about the assets of an insolvent corporation for their preservation, and for their ultimate sale and distribution among the insolvent company's creditors."

It is the rule that one having no lien when a receiver was appointed cannot acquire one after the appointment on property in the hands of the receiver, and thus obtain a preference, and this is the rule, even though the right to acquire the lien existed before the appointment. In re K-T Sandwich Shoppe of Akron (D. C.) 34 F.(2d) 962; Quinn v. Bancroft-Jones Corp. (D. C.) 12 F.(2d) 958; Temple v. Glasgow (C. C. A.)

80 F. 441; Mercantile Trust Co. v. Southern States Land & Timber Co. (C. C. A.) 86 F. 711; Fidelity Ins. Trust & S.-D. Co. v. Roanoke Iron Co. (C. C.) 81 F. 439; C. J. 53, § 160. The existence of the receivership "suspends the power of creditors to acquire any lien or advantage over other interested parties." Johnson v. Garner (D. C.) 233 F. 756, 776. A deficiency judgment, if taken, creates a judgment lien. Central Union Trust Co. v. Appalachian Corp. (D. C.) 300 F. 397.

If this deficiency judgment is permitted to stand, it may result in a preference to this creditor over other creditors. It would stand of record as a lien against the real property standing in the name of these defendants. If the property of the defendants were turned back to them following the termination of the proceedings herein, the judgment for deficiency would necessarily attach to the real property of these defendants, and thus the executor would obtain an advantage over the other creditors.

 Subsequent to the sale the receiver was notified by the attorneys for the executor that the amount of the claim theretofore filed by the executor in these proceedings was reduced to $9,076.26. He had submitted his claim originally on the entirety. He has received payment on his claim by the sale to the amount at which the property was bid in. As to the balance he should stand only on a parity with the other unsecured creditors. He elected to stand on this basis by filing his claim. Since the amount of the claim was $11,575 and the amount of deficiency $9,076.26, it is reasonable to expect that the executor, as the purchaser on the sale, will make a profit upon such a purchase. With such a profit on the sale and a preference over other creditors through a deficiency judgment, the executor would ultimately receive an amount much in excess of an equal proportionate share with the other creditors. Such could not have been the intent of the court in granting the order permitting the foreclosure. Often the right of possession and title in receivership proceedings are confused. The possession of property is in the receiver, while the title, until otherwise ordered by the court, remains unchanged. There is no reason apparent why provision was made denying the right to take personal judgment for deficiency against the receiver. In view of this fact and the further fact that the executor had presented his claim in the receivership proceeding, it seems to me it must have been the intent of the court to protect the property in receivership, other than that described in the mortgage, by denying the right to enter a deficiency judgment which would be a lien against other properties. Even though this may not have been the intent of the order, nothing is found in the order relative to any procedure following the entry of judgment in the foreclosure or to the entry of any deficiency judgment. Lack in any provision in that respect may be accounted for by the fact that the executor had presented a claim in the receivership proceedings, and that it was assumed that the amount of his claim, after deducting the amount received upon the sale in foreclosure, would continue as an unsecured claim and be paid on an equal basis with other unsecured creditors. Assuming that the order means what the executor claims, there seems to be no reason in equity why its effect should not now be changed to bring about equitable results. The rights of the executor have not been injured since the granting of the order, and justice requires its modification.

Under all the circumstances it seems that the claim of the executor for the amount of the difference between the sale price of the property and the amount of his claim as filed in this proceeding should be treated on a parity only with the other unsecured claims of creditors. While, so far as the receivership is concerned, the release of the properties in the hands of the receiver from the deficiency judgment would suffice, because of the views hereinbefore expressed, it seems to the court that the deficiency judgment should be released in its entirety. In the event that any property is turned back to these defendants at the termination of the receivership, it would not be subject to the lien by reason of the deficiency judgment.

An order may be entered as prayed in the petition directing David W. Scribner, executor as aforesaid, to take the proper steps to procure the removal of said deficiency judgment from the judgment docket in Monroe county clerk's office and restraining and enjoining said David W. Scribner from continuing the presence of said judgment on said docket.