# CHARLESTON.

## WAGGY *v.* JANE LEW LUMBER CO.

Submitted March 29, 1910.   Decided November 7, 1911.

1.   CORPORATIONS—*Receivers—Grounds for Appointment—Insolvency.*
  Code 1906, ch. 53, sec. 58, gives a remedy by receivership to any stockholder or creditor, for the vindication of his rights, if he shows sufficient cause for invoking that remedy.   (p. 669).

2. SAME.

A receiver of the property and assets of a corporation may properly be appointed, at the suit of a stockholder or creditor, under Code 1906, ch. 53, sec. 58, whenever the corporation has become so hopelessly insolvent that plaintiff's rights will suffer by depreciation and loss, arising from forced sales and large costs in the multiplicity of suits by creditors, if a receiver is not appointed. (p. 669).

3. SAME.

Mere insolvency is not sufficient ground for the appointment of a receiver of a corporation, but necessity to prevent impending depreciation and loss from insolvency so hopeless that the corporation can continue no longer in business, is sufficient ground. (p. 670).

4. SAME—*Receivers—Judgment—Lien—Priority.*

A judgment against a corporation, obtained after a receiver has been duly appointed for its property and assets in a suit to administer the same, does not become a lien taking priority over other claims. (p. 671).

Appeal from Circuit Court, Braxton County.

Bill in equity by Henry Waggy against the Jane Lew Lumber Company, in which Ross F. Stout Lumber Company intervenes. From the decrees, the interveners appeal.

*Affirmed.*

*Harvey F. Smith,* for appellants.

*Haymond & Fox,* for appellee.

ROBINSON, JUDGE:

Waggy, a stockholder and creditor of the Jane Lew Lumber Company, a corporation, by this bill in equity prayed for the appointment of a receiver to take charge of the affairs of the company and to administer its assets. The bill showed that the company, by misfortune and mismanagement, had become so helplessly insolvent that the certainty of depreciation and loss by reason of seizures and sales at the suits of creditors then pending, and other suits that were sure to follow, could only be prevented by the interposition of a receiver. The court appointed a receiver as prayed for, and he took charge. The company, though duly notified, entered no resistance to the appointment. Nor has it since appeared in the case. The bill has been taken for confessed. The company has completely admitted its help-

less condition and has acquiesced in the handling of its affairs by a receiver for the benefit of its creditors. Evidently it has gladly accepted, at the initiative of a stockholder and creditor, that which it soon would have been compelled to bring about by its own act—a virtual assignment.

Ross F. Stout Lumber Company, a creditor of the insolvent concern, obtained a judgment on its claim after the appointment of the receiver. Prior to the date of its judgment, it had filed the simple contract claim on which that judgment was rendered, before the commissioner to whom the receivership cause had been referred for the purpose of ascertaining and reporting the debts. After obtaining the judgment, this creditor intervened by petition, asking that it be made a party to the cause and allowed to demur to the bill. No formal order admitting the petitioner as a party was ever entered, but the petition and the demurrer which it tendered were ordered filed and the demurrer was set down for argument. At a later date the demurrer was overruled. When the report of the commissioner was filed, this creditor, Ross F. Stout Lumber Company, excepted thereto because its judgment was not reported as a lien but as a mere simple contract debt. The court overruled the exception, confirmed the report of the commissioner, and decreed that the receiver make sale of the property of the insolvent concern for the payment of the debts as ascertained and stated in the commissioner's report. From the order overruling the demurrer and the decree fixing the debt as an unpreferred one, Ross F. Stout Lumber Company has prosecuted the appeal now under consideration.

Questions have been raised and argued relative to the propriety of admitting the petitioning creditor as a formal party to the suit and entertaining its attack by demurrer on the proceedings which support the receivership. Plaintiff submits that it was improper to admit the creditor as a formal party and to entertain the demurrer, particularly after the creditor had apparently acquiesced in the proceedings by filing the claim as an unpreferred one before the commissioner. However, we need not pass on these questions. Assuming that the demurrer was rightly entertained, we observe that it was properly overruled. The bill is entirely sufficient. So even if the demurrer were not

in place, it could avail no more than if consideration thereof had been denied.

The bill is a proper one under Code 1906, ch. 53, sec. 58, which reads: "When a corporation expires, or is dissolved or before its expiration or dissolution, upon sufficient cause being shown therefor, such court as is mentioned in the preceding section, may on application of a creditor or stockholder, appoint one or more persons to be receivers to take charge of and administer its assets; and whether such receiver be appointed or not, may make such orders and decrees and award such injunctions in the case as justice and equity may require." This is a remedial statute and should not be strictly construed. Broad equity powers are granted by it in the matter of receiverships for corporations. It is in derogation of the equity principles ordinarily applied to the appointment of receivers. It permits a complete sequestration of the property of a corporation by a receivership, even before expiration or dissolution. It authorizes this sequestration to be brought about by a mere stockholder or creditor, if he shows good cause therefor. By its very terms, it wipes out the usual principle that a common creditor cannot ask a receivership. It virtually says that any stockholder or creditor of a corporation may have an administration of the assets of that corporation, by the instrumentality of a receiver, whenever the full protection of his rights demands the same. It in fact allows a winding up of the affairs of a corporation by a receivership at the suit of a stockholder or creditor. Thus it allows that which is tantamount to a dissolution. It vests in the court much discretion; for the court is authorized to make such orders as equity and justice may require. Still the court must exercise sound discretion and by no means recklessly apply its power. The chancellor must proceed with caution, and only grant a receivership under this statute in a case plainly demanding that course. Good cause, judged from the rights of the parties and all the attendant facts and circumstances, must appear. The case must be one in which a receiver is equitably and justly called for; not one in which a receiver may safely be avoided. But where the fact is clearly shown, as it is in this case, that the situation of the corporation is such that impending loss to the plaintiff and other stock-

holders and creditors can only be averted by the appointment of a receiver, the court should not hesitate to appoint one.

The statute gives plaintiff a remedy by receivership for the vindication of his rights as a stockholder and creditor, if he shows sufficient cause for invoking that remedy. That cause of course necessarily relates to a protection of his rights. He has shown that his rights will suffer by depreciation and loss of the assets of the hopelessly insolvent corporation, arising from forced sales and large costs in the multiplicity of suits by creditors, and that only by a receivership can such depreciation and loss be prevented. He has thus shown sufficient cause why a receiver should be appointed. The statute contemplates the very case presented by plaintiff's bill. When a corporation has reached such a state of insolvency that it can continue business no longer and there is absolute necessity that its assets be administered by a receiver in order that impending loss to stockholders and creditors be prevented, surely good cause appears why that course should be pursued. In this case facts are alleged which must convince any mind that, by reason of the insolvent condition of the corporation, loss was certain to accrue to plaintiff unless there was an administration of the property by a receivership. These facts are denied by no one. They stand admitted. They justify the receivership. We do not hold that mere insolvency is ground for the appointment of a receiver; for it is not. We do hold, however, that necessity to prevent certain depreciation and loss of the property and assets of the corporation, which depreciation and loss are sure to follow because of insolvency, is sufficient ground. *Kanawha Coal Co.* v. *Ballard & Welch Coal Co.,* 43 W. Va. 721. The following quotation aptly applies to this case: "While insolvency alone is not sufficient cause for the appointment of a receiver, where the proof of insolvency is clear and satisfactory and it appears there is no reasonable prospect that the corporation, if let alone, will be brought back to a condition of solvency, and the nature of the corporation, the character of the managers, the wishes of the creditors, and the general condition of corporate affairs are such as to warrant the enforcement and protection of the court for all interested and concerned, a receiver will be appointed." Alderson on Receivers, sec. 352.

This case is not of the character of those in which a plaintiff must show that he unsuccessfully sought redress by application to the corporation before bringing suit for a receiver. It is not a case based on misapplication of assets or mismanagement of affairs. It is one based wholly on the certainty of loss but for the interposition of a receiver. It is based on that which the corporation could not remedy even if it were asked to do so— hopeless insolvency and impending loss therefrom.

The exception of Ross F. Stout Lumber Company to the report of the commissioner was properly overruled. The judgment did not become a lien on the real estate of the corporation or take priority over other claims. That judgment was taken after the property of the corporation had practically been converted into a trust estate for creditors. It could not, therefore, become a preferred lien. The character of the receivership forbade that it take priority. The appointment of a receiver for the complete administration of the assets of the corporation, under the circumstances of this case, was indeed tantamount to a dissolution. It was too late for liens to attach. There are cases in which the pendency of a receivership does not prevent a judgment from attaching as a lien, but those cases do not involve a complete administration as this one does. See the general principle stated, and the cases cited, in 34 Cyc. 199, 221.

The decrees appealed from will be affirmed.

*Affirmed.*