# CHARLESTON.

WEST VIRGINIA UTILITIES CO. *v.* DURA GLASS MFG. CO.

(No. 5306)

Submitted May 12, 1925.   Decided May 19, 1925.

RECEIVERS—*Appointment of Receiver for Corporation by Decree Imposing No Restriction on Creditors Prosecuting Claims Does Not Prevent Independent Suit by Creditor Against Corporation.*

A receiver is appointed to take charge of, and preserve the assets of a corporation, with the right to fit up its plant

for the resumption of operation. The decree appointing the receiver does not adjudge the corporation insolvent, makes no provision for payment of its debts, does not state that the ultimate purpose of the court is to make an equitable distribution of the property of the corporation, and imposes no restriction on creditors prosecuting their claims. Held: The appointment of such receiver does not preclude a creditor from maintaining an action for judgment against the corporation in an independent suit.

(Corporations, 14a C. J. § 3226; Receivers, 34 Cyc. p. 222).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Monongalia County.

Suit by J. M. Wood and another against the Dura Glass Manufacturing Company, in which defendant West Virginia Utilities Company asked for judgment as against the Dura Glass Manufacturing Company. Action of Utilities Company was dismissed, and it brings error.

*Judgment reversed; case reinstated.*

*Frank Cox,* for plaintiff in error.

*E. M. Everly* and *Frank P. Corbin,* for defendant in error.

HATCHER, JUDGE:

Upon the application of J. M. Wood and E. B. Stone, a vacation order was entered by the Judge of the Circuit Court of Monongalia County on September 3, 1924, appointing W. R. Chapman special receiver for all the personal property of the Dura Glass Manufacturing Company, and directing him to take possession thereof pending further orders of the court. The receiver was authorized to employ labor necessary to conduct the business, to collect claims due the Glass Company, to institute litigation, if necessary, and to pay all necessary expenses of operating and managing the business, etc. A bill was filed at September Rules by Wood and Stone against the Glass Company and several other defendants, who were creditors thereof, among whom was the West Virginia Utilities Company. The bill alleges generally that the glass business had been poor for months; that the Glass Company had been unable to run its factory at a profit and had therefore been compelled to cease operations; that the Company had large outstanding obligations, and after stat-

ing the several amounts the Company owed its other creditors, alleged that it was due the West Virginia Utilities Company the sum of $4,207.75; that the Glass Company had sufficient assets to pay its claims if the property was properly conserved and protected, but if creditors were permitted to secure judgments, issue executions, etc., the creditors and stockholders of the corporation would suffer great loss and damages.

The bill prayed that a receiver be appointed to take charge of both the real and personal property, and to manage and preserve the property of the Company until further order of the court; that the affairs of the Company be settled and closed in due course; that the cause be referred to a commissioner in chancery to ascertain the assets and liabilities of the Company; that its property be sold and applied to the payment of its debts according to their priorities as ascertained and determined, and that the corporation be dissolved.

On September 20, 1924, notice was served on the Glass Company by the West Virginia Utilities Company that on the 11th day of October, 1924, the Utilities Company would ask the circuit court of said county to render judgment in its favor and against the Glass Company for the sum of $5,000.00.

At a special term of the court held on October 1, 1924, upon motion of Wood and Stone, the court also appointed W. R. Chapman special receiver for the real estate, and the rents, issues, and profits thereof of the Glass Company. The order authorized the receiver to issue receiver's certificates for the care and preservation of the property in an amount not to exceed $5,000.00, and to

> "take such steps as may be necessary for fitting up the plant for resumption of operations, when in his judgment the interests of all persons having liens and claims against the said company would be promoted thereby."

On November 11th, the Glass Company, over the objection of the Utilities Company, was permitted to file a plea setting up the fact that it was in the hands of a receiver, etc. The

Utilities Company filed a special replication to the plea and issue was thereon joined. In support of the plea, the Glass Company introduced the record in the chancery cause of *J. M. Wood et al.* v. *the Glass Company.* The Utilities Company offered no evidence. The court found in favor of the Glass Company on the issue upon the plea, and dismissed the action of the Utilities Company. The case is here on error.

The right of the Utilities Company to proceed to judgment and execution against the Glass Company in a separate action is not affected by sections 57 and 58 of chapter 53 of the Code, under which the chancery cause of *Wood et al.* v. *the Glass Company* is prosecuted. *Billmeyer Lumber Co.* v. *Merchants Coal Co.,* 66 W. Va. 696.

Counsel for the Glass Company assert that independent of statute, no lien can be perfected or suit prosecuted against a corporation, after a receiver has been appointed for the purpose of making equitable distribution of the entire assets of the corporation, citing: *Waggy* v. *Lumber Co.,* 69 W. Va. 666; *Clinkscales* v. *Pendle Mfg. Co.,* 9 S. C. 318; *Mutual In. Co.* v. *Walton Mach. Co.,* 91 Wash 298; *Temple* v. *Glass Gow.* 80 Fed. 441; *Attorney General* v. *Atlantic M. L. Ins. Co.* 100 N. Y. 279; Clark on Receivers, sec. 767.

It is old law and uncontroverted, that when, for a corporation adjudged insolvent, a receiver is appointed to wind up its affairs, administer its property and distribute the proceeds thereof among creditors and stockholders, a creditor of the corporation will not thereafter be permitted to perfect a lien against the property in an independent action. A few authorities have gone so far as to inconsiderately state that in such case a creditor should not be permitted to ever prosecute an independent action against the corporation. But the law cited by counsel does not apply to this case. It is true that the bill in the chancery suit prays for dissolution of the Glass Company and the complete administration of its assets; but this receivership must be weighed, not by the prayer in the bill, but by the decree of the court. This decree as heretofore shown, gives the receiver authority for a specific purpose, which, instead of looking to a dissolution of the cor-

poration, authorizes its continued existence. The decree does not adjudge the Glass Company insolvent, it does not provide for the payment of the Company's debts, does not state that the ultimate purpose of the court is to make an equitable distribution of the Company's property, and imposes no restriction on creditors prosecuting their claims against the Company. On the contrary, it expressly reserves decision on these questions, and merely authorizes the receiver to take such steps as may be necessary to preserve the plant and to resume operation.

There is another principle of law which has in recent years received judicial approval: where the appointment of a receiver is for a specific purpose, which does not involve the complete administration of the assets of the corporation, independent actions may be prosecuted against it by its creditors. This rule is subject to the qualification that such actions do not affect or embarrass the receiver in the possession of the corporation's property. Judge ROBINSON recognized this innovation in the opinion in the case of *Waggy* v. *Jane Lew Lumber Company, supra:*

> "There are cases in which the pendency of a receivership does not prevent a judgment from attaching as a lien, but those cases do not involve a complete administration as this one does. See the general principle stated, and the cases cited, in 34 Cyc. 199, 221."

Clark on Receivers, sec. 767, cited by counsel for the Glass Company, also recognizes this rule:

> "To the contrary, a line of cases may be found stating flatly that when a decree appointing a receiver does not state that the ulterior intent of the court was to make an equitable distribution of the property, and contained no restriction upon creditors prosecuting their claims, and the purpose of the receivership was to simply preserve the property, then a judgment subsequently recovered by a creditor is as much a lien on real estate of the defendant as if the appointment of a receiver had never been made."

The leading case on the proposition that a creditor may prosecute his claim against a corporation when no restriction on creditors is imposed by the decree appointing the receiver, is that of *Ellicott* v. *U. S. Ins. Co.*, decided by the Supreme Court of Maryland, in 1848, and reported in 7 Gill 307.

The court held:

> "Where the only object of a decree, appointing receivers and awarding an injunction, so far as disclosed upon its face, was to provide for the safe keeping of the effects of the defendant, and to prevent any fraudulent transfer thereof; and where such decree did not state that the ulterior intent of the court was to make an equitable distribution of the funds, and contained no direction to the receivers, to give notice to creditors to file their claims, it was Held:
>
> "That this decree imposed no restrictions upon creditors in prosecuting their claims, either at law or in equity, and a judgment subsequently recovered by a creditor, is as much a lien on the real estate of the defendant, as if the appointment of receivers had never been made."

This decision is referred to by Gluck and Beckner in their work on Receivers, published in 1891, as a marked departure from the general rule. While admitting that it was not sustained by authority, they state that it "is not without foundation and reason."

In 1896, the decision in the Maryland case was followed by the Federal court in *Moore* v. *Southern States L. & T. Co.*, 83 Fed. 399;

> "In a suit to foreclose a mortgage, and also for the administration of the assets of the mortgagor, an insolvent corporation, a receiver of all its property was appointed, a decree *pro confesso* entered, and a reference made to a master; but it was only by the decree as subsequently amended that the court first showed its ulterior intent to make an equitable distribution of the funds among all the creditors, and provided for notice to them to file their claims. Held, that until the amended decree, the creditors were entitled to sue at law,

> and by judgment acquire a priority in the equit-
> able distribution of the property, other than that
> covered by the mortgage, over less diligent
> creditors."

After its approval by the Federal court, this doctrine grew in favor so rapidly that it is now supported by the weight of authority throughout the States. An exhaustive citation of decisions on this question may be found in a note to *Marshall* v. *Wabash R. Co.,* 8 A. L. R. 442, in which the annotator says:

> "Where a receiver is appointed to take charge
> of the whole or a portion of the property of a
> corporation for some specific purpose, the cor-
> porate existence of the corporation is not thereby
> affected, and it remains subject to actions at law
> to the same extent as it would if no receiver had
> been appointed for its property. Such appoint-
> ment does not affect the progress of pending ac-
> tions or the commencement of actions against the
> corporation, except as such actions may be re-
> strained or enjoined in the receivership proceed-
> ings, and with the further exception that no action
> can be maintained which will in any way affect
> or embarrass the receiver in the possession of
> the property of the corporation to which his re-
> ceivership entitles him."

Modern authors now announce this rule without hesitation.

> "When receivers are appointed to take charge
> of the affairs of an insolvent corporation *pendente
> lite,* it is held that such proceeding does not pre-
> vent the general creditors from enforcing their
> demands by suit, when it does not appear that the
> appointment was made with a view to a settlement
> and an equal distribution of the corporate funds
> to all the creditors, but only to provide for the
> safety of the assets pending the litigation."

High on Receivers, par. 349.
14-A Corpus Juris, 985-6.
23 R. C. L. 48.

The reason of this holding is obvious. When a court has directed its officer to dispose of the debtor's assets and pay his debts, independent actions brought by creditors to create

liens on the property would ordinarily serve no useful purpose. Why permit a multiplicity of actions for the very purpose which the court has already undertaken to accomplish? In such case, the property of the debtor is *in custodia legis*. The receiver is but "the hand of the court." The possession of the receiver is the possession of the court, and the court will not permit such possession, or the work of its "hand", to be affected or embarrassed by independent actions. Until the court undertakes to ascertain and settle the debts of the improvident, no grounds exist for restricting a diligent creditor. Stockholders certainly cannot, as in this case, prevent a claim being pressed, merely because a receiver has been appointed to care for and reopen the plant of the corporation. If so, courts in such cases could be used to obstruct, instead of to aid the administration of business.

The suit by the Utilities Company will not affect or embarrass the receiver in his possession of the assets of the Glass Company. Therefore, we hold that the receivership obtaining in the chancery cause constitutes no bar to, or restriction on the right of the Utilities Company to prosecute its action herein.

The case of the Utilities Company against the Glass Company is therefore reinstated, and the judgment of the lower court reversed.

*Judgment reversed; case reinstated.*