# CHARLESTON.

G. E. DIXON *et al. v.* HESPER COAL AND COKE CO. *et al*
WEST VIRGINIA MINE SUPPLY CO.

(No. 5278.)

Submitted November 3, 1925. Decided November 17, 1925.

1.  APPEAL AND ERROR—*Errors Not Affecting Rights of Sole
    Appellant Not Noticed.*

    Errors not affecting the rights of a lien holder, who is
    the sole appellant in a general creditor's suit, will not be
    noticed on his appeal. (p. 425.)

    (Appeal and Error, 4 C. J. § 2594.)

2.  CREDITOR'S SUIT—*No Priority Given Lien Acquired After
    Entry of Order Referring Cause to Commissioner to Con-
    vene Creditors and Report Debts.*

    In such suit, no priority will be given a lien acquired after
    the entry of an order referring the cause to a commissioner
    to convene the creditors and report the debts of the in-
    solvent debtor. (p. 426.)

    (Creditor's Suits, 15 C. J. § 184.)

3.  CORPORATIONS—*Process Against Corporation, Executed on
    Wife of Agent, Held Invalid.*

    Process against a corporation, executed on the wife of
    an agent, is invalid. (p. 427.)

    (Corporations, 14a C. J. § 2909 [Anno.].)

4.  SAME—*Return of Service of Process on Corporation Must
    Show Where, When, and Upon Whom it Was Served.*

    The return of service of process on a corporation must
    show where, when, and upon whom it was served. (p. 427.)

    (Corporations, 14a C. J. § 2917.)

5.  COURTS—*Jurisdiction, Whether Over Person or Subject Mat-
    ter, Must Affirmatively Appear From Record.*

    The jurisdiction of the court, whether over the person or
    the subject matter, must affirmatively appear from the
    record.

6.  SYLLABI IN PRIOR CASES APPLIED.—

    Point 11 of the syllabus in *Tavenner* v. *Barrett,* 21 W. Va.

656; point I of the syllabus in *Armstrong* v. *Painter,* 75 W.
Va. 393; point 10 of the syllabus in *Blumberg* v. *King,* 97
W. Va. 275, and the syllabus in *West Virginia Utilities Co.*
v. *Dura Class Co.,* 99 W. Va. 193, 128 S. E. 86, applied.
(p. 425.)

(Courts, 15 C. J. § 158.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Upshur County.

Suit by G. E. Dixon and others against the Hesper Coal &
Coke Company and others, changed by an amended bill into a
general creditors' suit.  From a decree entered on a commis-
sioner's report, confirming the report as corrected, the West
Virginia Mine Supply Company, claimant, appeals.

*Reversed and remanded.*

*Charles C. Scott* and *Strother & McDonald,* for appellant.
*Charles C. Scott,* for appellee Hesper Coal & Coke Co.

HATCHER, JUDGE:

The Hesper Coal and Coke Company was engaged in the
business of mining coal in Upshur County.  It owned in fee
two small tracts and held under lease from the West Virginia
Coal and Coke Company another large. one.  It borrowed
$16,500.00 in 1922 from the Bellaire Realty Mortgage Com-
pany, to secure which it attempted to execute a deed of trust
on its property.  On Oct. 31, 1923, it purported to convey
all of its property both real and personal to the Mansfield
Coal Corporation for $240,000.00, which corporation on the
same day conveyed the property to O. L. McDonald, Trus-
tee, to secure to the Hesper Co. the payment of the pur-
chase price.  It appears that the Mansfield Corp. and the
Hesper Co. were owned by the same stockholders, and that
the conveyance was simply a scheme to finance the Hesper Co.
About the date of the conveyance the Hesper Co. ceased oper-
ation without paying its employes.  On Dec. 3, 1923, the
plaintiffs, who had been in the employment of the Hesper
Co., instituted this suit in the circuit court of said county,
against the Hesper Co. and the Mansfield Corp., to recover
their unpaid wages.  Representation having been made to the

court that the Hesper Co. had abandoned its plant, with no one in charge, a special receiver was appointed by the court on Feb. 8, 1924, to care for the property. An amended bill was filed at March Rules, 1924, which changed the action into a general creditors suit. For some unexplained reason G. K. Crites, one of the original plaintiffs, was omitted from the amended bill. R. A. Tenney and Ray Light were added as plaintiffs, although the bill contained no allegation in regard to them. Additional defendants were named in the amended bill who were alleged to have liens on the property of the Hesper Co. It was also alleged that the Mansfield Corp. was insolvent except for the property conveyed to it by the Hesper Co. and some other companies, as part of the general scheme to finance all the companies. Upon process regularly had on all the defendants, and upon the bill and the amended bill taken for confessed, a decree was entered April 25, 1924, referring the cause to a commissioner, who was directed to convene the creditors and state the usual account taken in a creditors suit. The commissioner filed his report on Aug. 30, 1924, to which several exceptions were taken by the West Virginia Supply Company and their claimants. A petition was filed by the Supply Co. sometime pending the proceedings before the commissioner, setting up a claim against the Hesper Co. and praying that the property of the coal company be sold and the proceeds applied to its debts, etc. The Hesper Co. filed an answer on Sept. 30, 1924, making a general denial of practically all the material allegations in both of the bills.

Some of the exceptions taken to the commissioner's report were sustained by the circuit court and a decree was entered Oct. 11, 1924, confirming the report as corrected. This decree found that at the time of the conveyance from the Hesper Co. to the Mansfield Corp. the former was insolvent and the latter was without assets; that the conveyance was a fraud on the creditors of the Hesper Co.; and that it (the conveyance) was accordingly set aside. The decree also annuled the deed of trust of the Mansfield Corp. to O. L. McDonald, Trustee. In the decree many of the creditors of the Hesper Co. and the priorities of their claims were set forth, and it was

adjudged that unless the debts therein decreed were paid within thirty days, the property should be sold, etc.

The West Virginia Supply Co. is the sole appellant from this decree. Thirty-one points of error are assigned in a brief filed on behalf of the appellant and the Hesper Co. Points 1, 16, 17, 18, 20, 21, 22, 23, 24, 25, 28 and 29 relate to errors of which the Hesper Co. and the Mansfield Corp. could complain were they before this court, but which are no affair of the appellant. The interests of the appellant are antagonistic to those of the Hesper Co. and the Mansfield Corp. and we can consider on this appeal only such errors as affect the former. 4 C. J. 692, par. 2594, *City of Roanoke* v. *Blair,* 107 Va. 639. Several of the assignments of error are general, several need not be considered in view of our disposition of the case, and the others may be grouped in two general classes. One of these classes attacks the *proof* of the claims allowed, and the other attacks their *priority* as fixed by the court.

*Proof.*

In *Armstrong* v. *Painter,* 75 W. Va. 393, it was held that lien creditors must appear and prove their claims, unless such claims had been established upon pleadings taken for confessed, and that the report of the commissioner should show such appearance and proof. The opinion in that case denied the authority of a commissioner or the court to allow as against creditors, any lien not presented and proved, "however well satisfied of its existence they may be." It condemned as *loose* and *dangerous* the practice of reporting all liens disclosed by the records of the clerk's office, whether presented or claimed. In *Blumberg* v. *King,* 98 W. Va. 275 it was specifically held that *transcripts of judgments, without further evidence* do not constitute sufficient proof of the amounts remaining due thereon. The record here discloses a compliance with the above rules in regard to only a few of the claims allowed. The plaintiffs and other employes of the Hesper Co. filed notices of their claims with the several amounts thereof properly sworn to. J. M. N. Downes testified before the commissioner that the Hesper Co. had made no payments to its employes since July 1923. This evidence was

sufficient to establish the several amounts due on the claims
of the laborers. Both W. L. Rohrbough and the appellant
appeared before the commissioner and proved their respective
claims. We find no appearance of, or proof by, any other
claimants before the commissioner. The record is full of
copies of judgments, abstracts of judgments, and executions,
but, as pointed out by Judge Miller in the *Blumberg case,*
further evidence was necessary to show the amounts remain-
ing due on such claims at the time of their presentment to the
commissioner.

*Priority.*

Preference in the payment of the claims in this case should
be extended as follows:

1. Claims due the State.
2. Valid liens, subsisting before the labor liens attached,
   (in the order obtained).
3. Claims of the plaintiffs, (*pro rata*).
4. Claims of the laborers who were not plaintiffs' (*pro
   rata*).
5. Valid liens secured between the time the labor liens
   attached and the date of the reference to the commis-
   sioner, (in the order obtained).
6. All other claims, (*pro rata*).

Code, Ch. 74, Sec. 2, and Ch. 75, Sec. 19; *Foley* v. *Ruley,*
50 W. Va. 158; *Clark* v. *Figgins,* 31 W. Va. 156; *Wallis* v.
*Treakle,* 27 Gratt. 479.

Ordinarily no liens may be recovered after the appointment
of a receiver in a creditors suit. In this case the authority
of the receiver was no greater than that of a caretaker. The
bill did not allege, and the decree appointing the receiver did
not find, that the Hesper Co. was insolvent. The decree made
no provision for the payment of the debts of the Hesper Co., it
did not state that the ultimate purpose of the court was to
make an equitable distribution of the property of the com-
pany, and it imposed no restriction on the prosecution of
claims by the creditors. As was held in *W. Va. Utilities* v.

*Dura Glass Co.,* 99 W. Va. 193, 128 S. E. 86 (Advance sheets), the appointment of a receiver under such conditions did not preclude the creditors from prosecuting actions against the company in independent suits. (See cases cited in the opinion.) The decree of reference, entered on April 25, 1924, operated, however, as a suspension of all other pending suits. While the decree did not restrain the prosecution of other suits, yet if liens were obtained against the Hesper Co. after that date, they would be accorded no priority.

> "After the entry of that order calling the creditors before the master to whom the cause had been referred, any attempt to enforce payment out of the funds in the hands of the receiver, of any judgment or decree subsequently obtained, would have been deemed an unwarrantable interference with the jurisdiction the court had assumed to exercise, and the priority insisted upon under any such pretended lien would have been rejected." *Jackson et al v. Lahee,* 114 Ill. 287, (300); *Laidley v. Kline,* 23 W. Va. 565; *Bilmyer v. Sherman,* 23 W. Va. 656; Hogg's Eq. Pro., par. 655.

Many of the judgments obtained by the creditors are invalid because no legal service of process was had on the Hesper Co. Some of the judgments show that process was served on "Mrs. Dixon, at her home in Upshur County, the superintendant's wife, of said coal company, the said Dixon not being found."

> "Process against a company cannot be executed by service on the wife of an agent." *Waterfront Coal Co. v. Transportation Co.,* 114 Va. 482.

Service on Dixon in person after the Hesper Co. had abandoned its plant would have been equally ineffective. Not only had Dixon ceased to be an agent of the company, but after Dec. 3, 1923, was actively antagonistic to it in the prosecution of this suit. Service of process upon an agent who has ceased to work for a corporation is inoperative. 14A C. J. p. 808, par. 2912. In other judgments we find simply the statement that the summons was served on the Hesper Co.

without any details of the manner in which it was served. Return of a service on a corporation must show *how* and *upon whom* it was served, otherwise it is invalid and no jurisdiction is obtained by the court issuing the process. *Frazier* v. *K. & M. Ry. Co.,* 40 W. Va. 224. The jurisdiction of the court, whether over the person or the subject matter, must affirmatively appear from the record. *Fulton* v. *Ramsey,* 67 W. Va. 321, (326). The priority given to such judgments as were based on invalid service of process was erroneous.

The lease held by the Hesper Co. is not in the record, but it was evidently exhibited to the commissioner, as he found that the lessee was obligated thereby to pay the taxes on the leased property. He reported that the lessee had failed to pay taxes, which with interest amounted to $1997.52, and which had been paid by the landlord. The court adjudged the claim of the landlord for the payment of the taxes ''a lien first in order of priority''. This was error. It was the duty of the landlord to pay the taxes on its own land. The land was charged to it and the state looked to it for the taxes. The obligation of the lessee to pay the taxes was a mere matter of contract between it and the lessor. The failure of the lessee to do so was simply a breach of its contract. The claim of the landlord for repayment of the taxes will be classed with other contract debts, and its dignity will be determined by the terms of the lease.

Our attention is also directed by counsel to the priority given by the decree to the claims of the Bellaire Co. The deed of trust executed by the Hesper Co. to secure the Bellaire Co. was made to H. L. Maurey, Trustee, and acknowledged by the Hesper Co. before the same H. L. Maurey, as notary. Such an acknowledgment is invalid, and the recordation of the deed does not entitle the claim of the Bellaire Co. to the priority accorded it by the court. *Tavenner* v. *Barrett,* 21 W. Va. 656, (pt. 11 Syl.); *Hunton, Com.* v. *Wood,* 101 Va. 54, 43 S. E. 186; *Clarksburg Casket Co.* v. *Valley Undertaking Co.* 81 W. Va. 212.

For the reasons given the decree of the circuit court will be reversed and remanded.

*Reversed and remanded.*