JAMES S. RODNEY *v.* ROBERT McV. DRANE, *Judge, et als.*

(No. 8998)

Submitted October 24, 1939. Decided November 28, 1939.

*Strother & McDonald,* for petitioner.
*Wm. M. Harman,* for respondents.

HATCHER, JUDGE:

This proceeding presents the single question: is a judgment void when obtained in an action after its further prosecution has been enjoined, and a receiver appointed for the defendant.

Grove Feed and Storage Company (so styled) recovered a judgment before a justice of the peace for $213.65 against R. N. Johnson Lumber Company. The Lumber Company, not defending at the trial, appealed to the circuit court with James S. Rodney, its president, as surety. Shortly afterwards, Rodney and its other stockholders brought a suit in chancery against it, "Grove Feed and Storage Company, a corporation", and a great number of other defendants having claims against the Lumber Company. The purpose of the suit was to liquidate its affairs as an insolvent. A receiver was appointed and the defendants were enjoined from further prosecuting their claims independently against it. Process was purportedly served on *Grove Feed and Storage Company, a Corporation,* by delivering a copy thereof to Clinton Channell, termed on the return its general manager. Following this, Grove Feed and Storage Company was granted leave in its action against the Lumber Company (then on appeal) to amend the names of the parties to show that I. H., G. C., E. W. and J. H. Channell were

partners doing business under the firm name of Grove Feed and Storage Company, and that the Lumber Company was a corporation. Trial was asked by the Channells; the receiver and the Lumber Company resisted, filing pleas setting up the chancery suit and the injunction. Demurrers to the pleas were sustained, and upon a hearing judgment was awarded the Channells for $219.23 against the Lumber Company and Rodney, its surety, with the provision, however, that the judgment, if presented in the cause of Rodney et al. v. Lumber Company et al., should have no priority over the other creditors of the Lumber Company.

Rodney now seeks to prohibit the judge of the law court and the Channells from enforcing this judgment against him on the ground that because of the injunction and the receivership the judgment is void.

Whether the Channell partners were inhibited by the injunction against Grove Feed and Storage Company, a Corporation, is immaterial here. If they were, that would not invalidate their judgment. Many years ago the supreme court of New York held that the jurisdiction of a law court to try an action was not divested by an order from a court of equity restraining the plaintiff in the law action from its further prosecution, and that if he subsequently obtained a judgment therein, it was not void. *Platt* v. *Woodruff*, 61 N. Y. 378. This holding has been accepted by every authority examined. *Hulan* v. *Murfin*, 159 Mich. 605, 124 N. W. 574; Beach, Injunctions, section 545; Joyce, Injunctions, section 545; Spelling, Injunctions, (2d Ed.), section 39; High, Injunctions (4th Ed.), section 46; 32 C. J., Injunctions, section 71. The rationale of the doctrine is plain. A court of chancery affects no jurisdiction over a court of law; an injunction restraining further prosecution of a law action operates only on the parties; a party, braving the consequences, may proceed, and the court of law may adjudicate; *Stephens* v. *Forsyth*, 14 Pa. 67, 68; 16 A. and E. Ency. Law 365.

Plaintiff relies particularly on *Waggy* v. *Lbr. Co.*, 69 W. Va. 666, 72 S. E. 778, and other like decisions in chancery,

holding that a judgment at law, procured after a receiver has been appointed for an insolvent; does not become a lien on the property of the insolvent or take priority over other claims. The Channells have not presented this judgment in the chancery cause as a lien on the property of the Lumber Company, so the *Waggy* decision is not now pertinent. Moreover, the disparagement of a law judgment by a chancellor for the purpose of protecting property *in custodia legis* from unwarranted inroads has nothing to do with the enforcement of the judgment against *other property* by a court of law. The arm of the chancellor, though long, does not reach to this other property.

In this state, as iterated in our recent case of *Harmon* v. *Spurlock* (not yet reported), (5 S. E. 2d 797) the distinction between legal and equitable remedies, and between a court of law and a court of equity (though held by the same judge), still maintains; "and never the twain shall meet", except by legislative enactment.

Prohibition is refused and the petition dismissed.

*Prohibition refused; petition dismissed.*