## Commonwealth ex rel. Messing, Appellant, *v.* Messing.

Argued March 20, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*J. Webster Jones,* for appellant.

*Lester J. Schaffer,* for appellee.

OPINION BY FLOOD, J., June 15, 1961:

This is an appeal from the dismissal by the Municipal Court of Philadelphia, of the wife-plaintiff's petition for support upon the ground that the defendant-husband had been validly divorced from the plaintiff in Nevada in 1952.

There was no question that the divorce in Nevada was procedurally correct and that notice was sent to the plaintiff. She ignored the proceedings and a divorce decree in favor of the husband was handed down on August 28, 1952 reciting due service of the summons and process upon the wife, the introduction of evidence by the husband in support of the allegations of the complaint, and no rebuttal evidence introduced by the wife. There was a finding by the Nevada court that the husband had been a resident of Nevada for more than six weeks prior to the commencement of the action, and an actual bona fide resident and domiciliary of that state physically residing there.

The appellant argues that at the time of the Nevada decree (1) her husband was not a bona fide resident of Nevada and (2) there was outstanding a preliminary injunction which had been issued against him by the Court of Common Pleas No. 7, Philadelphia County, enjoining him from prosecuting an action of divorce against the plaintiff in Nevada or in any other jurisdiction outside of Pennsylvania.

1. Under our law the Nevada decree must be recognized as valid since the evidence shows that the plaintiff went into business in Nevada at or about the time of arrival there in 1951 and has remained there since. There is some indication that he moved to California in 1959 although this is by no means clear. Certainly from 1951 to 1959 he lived in Nevada and made his living there. Under these circumstances, even though his motive in going to Nevada may have been to get a divorce, we cannot refuse to recognize the Nevada

decree, for the reasons fully set forth by Judge WOOD-SIDE in *Commonwealth ex rel. Lorusso v. Lorusso*, 189 Pa. Superior Ct. 403, 150 A. 2d 370 (1959).

2. If the Nevada court actually had jurisdiction to grant the divorce, we must recognize it even though there was an injunction outstanding in Pennsylvania against the husband. The husband's action in prosecuting the divorce action would be a violation of the injunction and he would be in contempt of the order of the Common Pleas Court of Philadelphia, if the injunction were valid and outstanding. But while he would be liable to suffer the penalties of contempt, this would not empower us to ignore the judgment of the Nevada court which had jurisdiction in the matter of the divorce. Equity acts in personam and the Philadelphia court could punish the defendant for disregarding its decree when it obtained power over him upon his return to this jurisdiction, but it could not affect the validity of the Nevada decree. As was said in *Stephens v. Forsyth*, 14 Pa. 67 (1850) in a per curiam opinion, probably in the words of Chief Justice GIBSON:

"A decree in equity produces its effect by controlling the course of the person, not by controlling a court of law, or any part of its machinery. A party may proceed at law, in the face of an injunction, and the court of law will adjudicate, if he will brave the consequences of the contempt. A court of chancery affects no superiority over any court of law whatever, or its officers; . . . ."

In *Artman v. Giles*, 155 Pa. 409 (1893) Mr. Justice MITCHELL said (p. 415) : "An injunction to stay proceedings at law should go against the party, not against the sheriff or other officer . . .". This is the classic common law doctrine as to injunctions against the prosecution of suits in other courts. *Rodney v. Drane*, 121 W. Va. 666, 5 S.E. 2d 818 (1939). While we find no later cases in Pennsylvania on the subject

and have located none involving injunctions against bringing suits in other jurisdictions, yet we feel that on this subject Pennsylvania is in accord with the weight of authority elsewhere. Breach of the injunction does not deprive the decree of the foreign court of full faith and credit, provided the foreign court had jurisdiction to enter the judgment or decree under attack. 43 C.J.S. §50, notes 16, 17.

This makes it unnecessary to determine the difficult question, raised by the appellee, whether the Court of Common Pleas had jurisdiction to issue the injunction.

Judgment affirmed.

CONCURRING OPINION BY WRIGHT, J.:

I concur in the result for the reason that, on final hearing in the injunction proceeding, service of process upon the husband was set aside and the bill in equity was dismissed.

RHODES, P. J., joins in this opinion.