Dissenting Opinion by
Hoeeman, J.:
I agree with the majority that the Florida divorce decree must be given full faith and credit in Pennsylvania. It is the settled law in Pennsylvania, however, that a divorce a.v.m., validly granted in a sister state, terminates a wife’s right to support.
In Estin v. Estin, 334 U.S. 541 (1948), the United States Supreme Court first announced the doctrine of “divisible divorce”. In Estin, the Court was presented with the question of whether a valid New York support order could survive a valid Nevada eon parte divorce decree. The Supreme Court first determined if a support order could survive divorce under New York law: “We are given a detailed analysis of New York law to show that the New York courts have no power either by statute or by common law to compel a man to support his ex-wife, that alimony is payable only so long as the relation of husband and wife exists, and that in New York, as in some other states, see Esenwein v. Esenwein, [325 U.S. 279 (1945)], p. 280, a support order does not survive divorce.
*366 “The difficulty with that argument is that the highest court in New York has held in this case that a support order can survive divorce and that this one has survived petitioner’s divorce. That conclusion is binding on us, except as it conflicts with the Full Faith and Credit Clause. It is not for us to say whether that ruling squares with what the New York courts said on earlier occasions. It is enough that New York today says that such is her policy. The only question for us is whether New York is powerless to make such a ruling in view of the Nevada decree.” Estin v. Estin, supra at 544.
While discussing the question of New York law in Estin, the Supreme Court referred specifically to the case of Esenwein v. Esenwein, 325 U.S. 279 (1945), which originally had been before the Supreme Court of Pennsylvania. Commonwealth ex rel. Esenwein v. Esenwein, 348 Pa. 455, 35 A. 2d 335 (1944). In Commonwealth ex rel. Esenwein v. Esenwein, our Supreme Court refused to give full faith and credit to an ex parte Nevada divorce decree. The husband in the Esenwein case had filed an application before the County Court of Allegheny County for total relief from a support order, contending that his obligation to support his wife ceased as a result of Ms valid Nevada divorce. Our Supreme Court held that the husband had not secured a valid domicile in Nevada, and therefore, the Nevada decree would not be given full faith and credit. The United States Supreme Court upheld the Pennsylvania Supreme Court in Esenwein v. Esenwein, supra. Our Supreme Court and the United States Supreme Court specifically indicated that if the divorce decree was to be given full faith and credit, it would terminate the wife’s right to support under Pennsylvania law. Commonwealth ex rel. Esenwein v. Esenwein, supra at 457; Esenwein v. Esenwein, supra at 280.
*367 Following Estin v. Estin, supra, our courts have never attempted to impose a support order on an individual who has secured a valid divorce in a sister state. March Estate, 426 Pa. 364, 231 A. 2d 168 (1967); Commonwealth ex rel. Messing v. Messing, 195 Pa. Superior Ct. 334, 171 A. 2d 893 (1961); and Commonwealth ex rel. Lorusso v. Lorusso, 189 Pa. Superior Ct. 403, 150 A. 2d 370 (1959).
In Lorusso, supra at 406, Judge Woodside stated: “It is well settled in Pennsylvania that a valid divorce decree terminates the duty of a husband to support his wife, [citations omitted]. Accordingly, if the Nevada divorce in question is valid in Pennsylvania, the support order, together with any arrearages that accrued after the divorce was granted, must be vacated. On the other hand, if the Nevada divorce decree is not valid in Pennsylvania, there has been no legal termination of the duty to support.” See also Freedman’s Law of Marriage and Divorce in Pennsylvania, where it is stated that “where the husband’s domicil is bona fide, the decree which he obtains in the foreign state on constructive service and without the wife’s appearance will effectively terminate her pre-existing order for support. It may be that the policy of Pennsylvania which forbids alimony after divorce a.v.m. is in harmony with this conclusion. If it is not, then legislative intervention is necessary to make effective orders of support after a foreign ex parte divorce a.v.m.” (Footnotes omitted). 3 Freedman, Law of Marriage and Divorce in Pennsylvania, 1432 (2d Ed. 1957).
For the above reasons, I would reverse the order of the lower court.
Jacobs and Ceuoone, JJ., join in this opinion.